**ReedSmith**

**Driving progress
through partnership**

**Amy Secter**
Direct Phone:  +1 804 344 3487
Email:  asecter@reedsmith.com

Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
+1 804 344 3400
Fax +1 804 344 3410
reedsmith.com

June 4, 2021

**Via ECF**

The Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 304N, Courtroom 324N
Brooklyn, New York 11201

> **Re:** **Jakub Madej v. Synchrony Financial.**
> **Case No.:  1:21-cv-01894-WFK-SJB**
> **Letter Motion Requesting Extension of Time to Respond to Plaintiff's Motion for Default Judgment Filed in Accordance with Local Rules 5.2(b) and 7.1(d)**

To The Honorable Judge William F. Kuntz, II:

Reed Smith LLP represents Defendant Synchrony Bank, improperly named as Synchrony Financial ("Synchrony"), in the above-captioned matter.  Please allow this letter motion, filed in accordance with Local Rules 5.2(b) and 7.1(d), to serve as Synchrony's request for an extension of time to respond to *pro se* Plaintiff Jakub Madej's ("Plaintiff") Motion seeking a Default Judgment in the amount of $1,114,417.00 (the "Motion")  [Dkt. 11] and/or extension of time to file a Motion to Set Aside Default. To date, the Motion has not been granted and as a proactive measure, Synchrony has filed an Answer [Dkt. 13] to the Complaint [Dkt. 1].

Synchrony never received service of the Complaint and Plaintiff knows this.  According to the Affidavit of Service filed with the Motion, Plaintiff claims to have served the Complaint through CT Corporation.  Synchrony reached out to CT Corporation who informed Synchrony that the attempted service was rejected because it is not a registered agent for Synchrony Financial.  CT Corporation shared with us a letter dated April 29, 2021 to Plaintiff advising him that service had been rejected.  After investigation, Synchrony can confirm it has no record of receiving service in any other manner.

Synchrony received notice of the Motion on June 2, 2021 and retained Reed Smith LLP the same day.  Upon learning the circumstances surrounding the ineffective attempt at service, counsel reached out to Plaintiff and requested that he withdraw the Motion.  Despite knowing about the rejection letter from CT Corporation, Plaintiff has refused to withdraw the Motion or grant any extensions.

As Synchrony has just retained counsel, it requests a 30-day extension of time to respond to the Motion and/or file a Motion to Set Aside Default.  This is the first extension requested by Synchrony in this matter.  The granting of an extension of time is within the discretion of this Court. *Amadasu v. Rosenberg*, 2004 U.S. Dist. LEXIS 7499, Case No. 03-civ-6450 (S.D.N.Y. Apr. 30, 2004).  We

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

The Honorable William F. Kuntz, II
June 4, 2021
Page 2

respectfully submit that based on the fact that service was not effectuated, and Plaintiff was duly informed of same, that valid grounds exist to allow Synchrony time to submit a response.

   We thank the Court for its consideration of this matter.

Respectfully submitted,

Amy Secter

cc:  Jakub J. Madej, *pro se* (via Certified Mail and ECF)