THE TEMPORARY OFFICES OF
JAKUB J. MADEJ

100 CHURCH ST, 8TH FLOOR
NEW YORK, NY 10007

(203) 928 8486
(203) 902 0070 FAX
JMADEJ@LAWSHEET.COM

RECEIVED
JUN 15 2021
PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  JUN 15 2021  ★
BROOKLYN OFFICE

June 7, 2021

**BY CERTIFIED MAIL (TO BE DOCKETED ON CM/ECF)**

Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *Madej v. Synchrony Financial*, No. 1:21-cv-01894

Dear Judge Kuntz:

I represent myself in this case. This letter is a response to defendant Synchrony Financial[1]'s request dated June 4, 2021 asking for more time to respond to plaintiff's request that clerk enter default judgment, and to file a motion to set aside the default [14][2]. Both requests are moot and should be denied.

In this individual TCPA case, the Court is faced with defendant's strategic non-appearance gone wrong. Synchrony was served with process on April 27, 2021. Specifically, the summons and the complaint were delivered by hand to the Corporation Trust Company, Synchrony's registered agent, whose identity is reflected in Synchrony's corporate file stored at the Delaware Division of Corporations. This particulars of service are established in an affidavit subscribed under penalty of perjury and by true copies of Synchrony's records from the Division [12, 12-1].

---

[1] I will refer to the defendant as "Synchrony", although its true corporate name is "Synchrony Financial".

[2] This format refers to a docket entry. [14] is docket entry no. 14; [14, 15] refers to docket entries 14 and 15; [14-3 at 2] is docket entry 14-3, page 2.

CT ADDRESS   415 BOSTON POST RD STE 3-1102   MILFORD CT   06460
(203) 928 8486   (203) 902 0070 FAX

In effect, Synchrony was summoned to appear before this Court within 21 days after service – that is, by May 18 – to answer the allegations against it, present any defenses it may have, or have judgment by default entered against it. Synchrony did not appear. No counsel filed an appearance by May 18, and no counsel requested an extension of time to plead after service was accomplished.

In light of Synchrony's failure to appear, plaintiff promptly sought default judgment under Rule 55(b)(1)[3] [11]. Rule 55(b)(1) provides for the entry of default judgment by the clerk and without court intervention[4]. Plaintiff also sent all motion papers to Synchrony, as the local rule instructs[5] [11 at 4]. Only when faced with impending default judgment, Synchrony suddenly reemerged, denied any knowledge about service, tried to persuade the plaintiff to withdraw the request for default, and filed an untimely answer [13]. By not appearing, Synchrony put itself in default. Plaintiff is now entitled to judgment.

Rule 55(b)(1) provides for a mandatory entry of default judgment against the defendant "who has been defaulted for not appearing". On the current record, the clerk has no choice but to enter default judgment against Synchrony. In the Second Circuit, the entry of default judgment under Rule 55(b)(1) is non-discretionary[6]. Once the clerk fulfils its duty of entering default judgment, Synchrony's untimely answer [13] and the extension motion [14] will become moot.

---

[3] Unless specified otherwise, all "Rules" refer to Federal Rules of Civil Procedure.

[4] The entire rule reads as follows: "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

[5] Local Civil Rule 55.2, Committee Note. "Although Fed. R. Civ. P. 55(b) does not require service of notice of an application for a default judgment upon a party who has not appeared in the action, the Committee believes that experience has shown that mailing notice of such an application is conducive to both fairness and efficiency."

[6] *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) ("[T]he entry of default judgment [under Rule 55(b)(1)] for the damages requested is mandatory and there is no room for discretion to deny an award of damages[.]")

In addition, Synchrony's requests are procedurally improper.

**Synchrony's Request for Extension to Respond.** Plaintiff's request for judgment [11] is not amenable to a response. The clerk's duty to enter default judgment is purely ministerial in nature. The clerk can only verify, from the record, if the requirements set forth in the rule were met – for example, if plaintiff submitted "an affidavit showing the amount due". It cannot invite responses or consider parties' arguments. No authority exists for Synchrony's claimed "response". One cannot obtain extension to file an unauthorized paper, let alone one asking for relief the court cannot grant. *Amadasu*[7], which Synchrony cites to, is irrelevant in the present case. Plaintiff's motion is made under Rule 55(b)(1), not under 55(b)(2), where the entry of default is committed to the court's discretion. Because no responsive paper is in order at this point, Synchrony's request for extension is moot.

**Synchrony's Request for Extension to File Motion to Set Aside Default.** To the extent Synchrony seeks additional time to file a request that default be set aside, no extension is in order. Synchrony may file any post-judgment motion "within a reasonable time" but "no more than a year after the entry of the judgment[.]".[8] Synchrony may thus seek post-judgment relief at any time it pleases. At this time, however, Synchrony is *not* asking the Court to set the default aside. If it did, it would be required to have conferred and proposed a briefing schedule on its motion. If Synchrony ultimately elects to seek post-judgment relief, I will promptly confer with counsel to propose a briefing schedule and submit it for Court's approval. To date, my communication with counsel has been courteous, and I believe our collaboration will be a professional one.

Should Synchrony seek post-judgment relief, it chances of success would be slim. The only avenue available for Synchrony in this Court is Rule 60(b)[9], which is an "extraordinary judicial relief".[10] As this Court

---

[7] *Amadasu v. Rosenberg*, 2004 WL 925811, at *1 (S.D.N.Y. Apr. 30, 2004). As a threshold matter, the main issue in *Amadasu* was defendants' untimely answer, not their non-appearance.
[8] Rule 60(c).
[9] "The court ... may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).
[10] *Burns v. Kelly Enterprises of Staten Island, LLC*, s, at *2 (E.D.N.Y. July 23, 2019) (Kuntz, J.) (denying motion to vacate default), quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (finding no abuse of discretion in denying a Rule 60(b) motion to vacate

recognized in *Burns*, it can be invoked only upon a showing of "exceptional circumstances".[11] Circumstances at hand are all but exceptional. Evidence filed to date reveal, among other facts, the following:

① The Corporation Trust Company[12] is a Synchrony's registered agent appointed by Synchrony under Delaware law to accept service of process.

② The Company's primary business address is 1209 Orange St, Wilmington, Delaware 19801.

③ On April 27, 2021, plaintiff caused process – that is, the summons and the complaint – to be served on the Company by certified mail, return receipt requested, at its primary business address.

④ On April 27, 2021, at approximately 6:51 am, an employee with the Corporation Trust Company accepted service and confirmed delivery with its signature.

Counsel openly challenges these statements. He claims in his letter – without the benefit of an affidavit or personal knowledge – that the Company "never received service", issued purported "rejection letters", and represented that "it is not a registered agent for Synchrony Financial". These generalized hearsay statements, which would be inadmissible even if sworn to, contradict the corporate records submitted to this Court together with the request for default judgment. Further briefing would establish that the Company has been appointed as Synchrony's registered agent since at least February 2014, and has accepted service of process on behalf of Synchrony at least 80 times in the last 5 years.

The threshold question at any Rule 60(b) motion would be straightforward: "Would Synchrony have appeared and defended the case if the default judgment was not requested?". I submit that it would not. It is implausible that Synchrony, a sophisticated litigant that appeared at least 46 times under various names in this District, "by mistake" failed to appear in an individual TCPA case filed by an inexperienced *pro se* plaintiff, never sought

---

judgment).
[11] Id.
[12] I will refer to the Corporation Trust Company simply as "the Company" (capitalized). Its colloquial name is "CT Corporation".

an extension of time to plead, did not communicate informally when it was timely to do so, and suddenly remerged when default judgment was requested.

In these circumstances, plaintiff is entitled to default judgment under Rule 55(b)(1). If the Court's schedule permits, I respectfully ask that the Court direct the clerk to grant default judgment, as requested in the papers[13]. If Synchrony chooses to seek post-judgment relief, counsel and I will jointly submit a briefing schedule for the Court's approval.

I thank the Court for its courtesy in this matter.

Respectfully submitted,

/s/ Jakub J. Madej

Copies to:   Amy Schecter, Esq. (local counsel for Synchrony)
ASecter@reedsmith.com

Alexander W. Pilorusso, Esq. (lead counsel for Synchrony)
APilorusso@reedsmith.com

---

[13] See, e.g., *United States v. Gellerstein*, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011) (Matsumoto, J.) (directing the clerk to enter default judgment under Rule 55(b)(1) for a total of $594,224 because all conditions enumerated in the Rule were met); *United States v. McGann*, 2018 WL 4938554, at *4 (N.D.N.Y. Oct. 11, 2018) (same).

JAKUB MADEJ
415 BOSTON POST RD STE 3-1102
MILFORD CT  06460

9314 8699 6673 1273 0002 77

HONORABLE WILLIAM F. KUNTZ, II
EASTERN DISTRICT OF NEW YORK
UNITED STATES DISTRICT COURT
ATTN: PRO SE CLERK
225 CADMAN PLZ E
BROOKLYN NY  11201-1832

Hasler
06/08/2021
US POSTAGE $006.06⁰

FIRST-CLASS MAIL

ZIP 67203
011D12604404

ELECTRONIC RETURN RECEIPT

31273
27