**REED SMITH LLP**
Amy Secter, Esq.
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Phone: +1 804 344 3400
Fax: +1 804 344 3410

*Attorneys for Defendant Synchrony Bank*
*(Improperly named as Synchrony Financial)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jakub Madej,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Synchrony Financial.<br><br>　　　　　　Defendant. | Civil Action No. 1:21-cv-01894 (WFK) (SJB)<br><br>**Return Date:** |

**SYNCHRONY BANK'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ....................2

III. MOTION FOR DEFAULT JUDGMENT STANDARD ......................................................3

IV. LEGAL ARGUMENT..............................................................................................4

    A. SYNCHRONY WAS NOT SERVED ......................................................................4

V. CONCLUSION..........................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Klein v. Educ. Loan Servicing, LLC*,
 71 A.D.3d 957, 897 N.Y.S.2d 220 (App. Div. 2nd Dept. 2010) ............................................5, 6

*Macaluso v. N.Y. State Dep't of Envtl. Conservation*,
 115 F.R.D. 16 (E.D.N.Y. 1986) ..............................................................................................5, 6

*Priestley v. Headminder, Inc.*,
 647 F.3d 497 (2d Cir. 2011) .........................................................................................................3

**Rules**

Fed. R. Civ. P. (4)(c)(2) ...................................................................................................................6

Fed. R. Civ. P. 4(h)(1) .....................................................................................................................4

Fed. R. Civ. P. 4(h)(1)(B) ................................................................................................................5

Fed. R. Civ. P. 55(a) .......................................................................................................................3

N.Y.C.P.L.R. 311 ............................................................................................................................5

N.Y.C.P.L.R. 312-a .........................................................................................................................5

**Other Authorities**

*Moore's Federal Practice*, § 55.11(3)(b) ........................................................................................3

Defendant Synchrony Bank (improperly named as "Synchrony Financial") ("Synchrony") submits this brief in support of its Opposition to Plaintiff's Motion for Default Judgment and requests Plaintiff's Motion be denied.[1]

## I. INTRODUCTION

Plaintiff has misled the Court by filing an Affidavit of Service which purports to support the argument that Plaintiff completed service on Synchrony. Now, Plaintiff seeks a default judgment in a matter in which he failed to effectuate proper service under the applicable Federal Rules of Civil Procedure and applicable New York state law. Specifically, Plaintiff's request for default should be denied for one critical reason: Plaintiff never served his Complaint on the named defendant, Synchrony Financial, or any other entity. Plaintiff's Affidavit of Service purports that Plaintiff mailed and served Synchrony on April 27, 2021, by sending the Complaint and Summons by certified mail to Corporation Trust Company in Delaware. After Synchrony received the Motion for Default Judgment on June 1, 2021, and reviewed Plaintiff's Affidavit of Service, it contacted Corporation Trust Company to determine if the statements made in Plaintiff's affidavit were true and determine if service had been made. Synchrony was advised by Corporation Trust Company that Plaintiff's attempts at service were rejected on April 29, 2021 and May 6, 2021, as Corporation Trust Company was not authorized to accept service for the named defendant, Synchrony Financial. Plaintiff made no subsequent attempt to serve Synchrony or any other entity after receiving the rejection letters. Additionally, Plaintiff's attempt at service was improper under both Federal Rules and State Law, as Plaintiff attempted to effectuate service only by sending the Complaint and summons by certified mail rather than

---

[1] By filing the within Opposition, Synchrony does not waive any arguments with respect to proper service and Synchrony does not waive service.

delivering the Complaint to Synchrony via means that would comply with Federal or New York law regarding service. Fundamentally, Plaintiff mailed, without following proper procedure and without authority, a complaint and summons in an attempt to serve and as such this failure of service should no tbe grounds for a default judgment.

For these reasons, default judgment is not proper. Accordingly, Synchrony requests that this Court deny Plaintiff's Motion for Default Judgment in its entirety.

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On April 6, 2021, Plaintiff initiated a lawsuit against Synchrony in relation to one or more of the credit card accounts he opened with Synchrony Bank. ECF 1. In his Complaint, Plaintiff alleges that Synchrony violated the Telephone Consumer Protection Act when it called him unprompted and without consent. Compl., ¶ 11-12.

On April 19, 2021, the Court issued an Order directing Plaintiff to complete proper service by July 5, 2021. ECF 9. On May 24, 2021, after filing a Request for Certificate of Default and Motion for Default Judgment, Plaintiff filed what he claimed to be an Affidavit of Service. ECF 10, 11, 12. According to the affidavit, on April 27, 2021, Plaintiff mailed and served a copy of the Complaint on Synchrony via Corporation Trust Company. ECF 12. Plaintiff made this mailing without following proper procedure and without authority. Along with this affidavit was a printout of the Delaware Department of State website, reflecting an entity named Synchrony Financial and registered agent information for the Corporation Trust Company, attached as Exhibit A. *Id*. Plaintiff also attached a proof of delivery from the United States Postal Service as Exhibit B. ECF 12.

Synchrony was never served the Complaint or any other filing related to this matter. Declaration of Angel Nayman In Support of Synchrony's Opposition to Plaintiff's Motion for

Default Judgment ("Nayman Decl."), ¶¶ 4-6, Ex. A; Declaration of Tamara Kling ("Kling Decl."), ¶¶ 2-5, Ex. A-B. Specifically, Plaintiff's attempts at service were rejected by the Consumer Trust Corporation on April 29, 2021 and May 6, 2021 and Plaintiff was informed that his Complaint was not forwarded to Synchrony Financial or any other entity. Nayman Decl., 6, Ex. A*; Kling Decl.,* ¶¶ 2-5, Ex. A-B. Plaintiff never attempted to effectuate service again after receiving the rejection letters. Nayman Decl., ¶ 8. Furthermore, Plaintiff convienetly never identified these correspondence in his Affidavit of Service or his Motion for Default Judgment. ECF 10, 11, 12.

Synchrony received a copy of the Motion for Default Judgment on June 1, 2021. *Id*. ¶ 4. On June 3, 2021, Synchrony filed an Answer to Plaintiff's Complaint. ECF 13. On June 4, 2021, Synchrony filed a letter motion with the Court expressing its intent to defend against this lawsuit and respond to Plaintiff's Motion for Default Judgment, and requesting an extension of time to do so. ECF 14. On June 3 and 4, counsel for Synchrony contacted Plaintiff discuss the issue with service. Declaration of Amy Secter in Support of Synchrony's Opposition to Plaintiff's Motion for Default Judgment ("Secter Decl."), ¶ 3. Plaintiff was informed by Synchrony counsel that Synchrony was not properly served and that Synchrony requested the motion for default be withdrawn. *Id*., ¶¶ 4-6. Despite being notified of issues with service, Plaintiff refused to withdraw his motion. *Id*., ¶ 7. On June 11, 2021, the Court set Synchrony's deadline to respond to Plaintiff's Motion for Default Judgment as July 11, 2021. ECF 16.

### III.   MOTION FOR DEFAULT JUDGMENT STANDARD

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a

certificate of default from the Clerk of the Court.  *See* Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment.  *See id*.  A plaintiff who seeks a default judgment must show the fact of default by evidence, usually by affidavit, which shows the timing of service of the summons and complaint and avers that an answer or motion was not served within the allotted time.  *See Moore's Federal Practice*, § 55.11(3)(b) (Matthew Bender, 3d ed.).

## IV.  LEGAL ARGUMENT

### A.  SYNCHRONY WAS NOT SERVED

Fatal to Plaintiff's Motion for Default Judgment, neither Synchrony nor the named defendant, Synchrony Financial, were served.  Service was explicitly rejected by the entity to whom Plaintiff Plaintiff mailed his Complaint.  Two rejection letters were mailed to Plaintiff notifying him of the rejection, and notifying him that his Complaint was not forwarded to Synchrony or any other entity.  Nayman Decl., ¶ 6, Ex. A; Kling Decl., ¶¶ 4-5, Ex. A-B.  Furthermore, even if the service wasn't rejected, the service attempt itself was flawed, because Plaintiff attempted only to serve the complaint and summons by certified mail and did not comply with relevant Federal and/or State rules regarding service.

Federal Rule of Civil Procedure 4(h)(1), directs that service may be effectuated either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. 4(h)(1).  Federal Rule 4(e)(1) permits service by following state law in the state where the district court is located.  In this case, the applicable state law is governed by Section

311(a)(1) of the New York Civil Practice Law and Rules ("C.P.L.R.") which provides in pertinent part:

> (a) Personal service upon a corporation . . . shall be made by delivering the summons as follows:
>
> 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. A business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law. A not-for-profit corporation may also be served pursuant to section three hundred six or three hundred seven of the not-for-profit corporation law; . . .
>
> (b) If service upon a domestic or foreign corporation within the one hundred twenty days allowed by section three hundred six-b of this article is impracticable under paragraph one of subdivision (a) of this section or any other law, service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs.

N.Y.C.P.L.R. 311.

> For service by mail, New York state law specifically requires:
>
> (a) Service. As an alternative to the methods of personal service authorized by section 307, 308, 310, 311 or 312 of this article, a summons and complaint, or summons and notice, or notice of petition and petition may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

N.Y.C.P.L.R. 312-a. In other words, to effect service by mail, specific documents must be delivered and returned, such as a copy of the summons and complaint, two copies of a statement of service, and an acknowledgement of receipt, which must be returned to Plaintiff. *Id*. Failure to adhere to this requirement is a failure to effectuate proper service. *See e.g. Klein v. Educ. Loan Servicing, LLC*, 71 A.D.3d 957, 958, 897 N.Y.S.2d 220, 221-22 (App. Div. 2nd Dept. 2010).

Federal Rules of Civil Procedure further provides that service on a corporation can be completed "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. 4(h)(1)(B). Mailing a complaint and summons is not sufficient to satisfy the requirement for delivery. *See e.g. Macaluso v. N.Y. State Dep't of Envtl. Conservation*, 115 F.R.D. 16, 19 (E.D.N.Y. 1986). Furthermore, delivery is not a simple substitute term for mailing, as the rules provide a distinction between the two terms. *See* Fed. R. Civ. 4(h)(1)(B) (making distinction between "delivery" and "mailing"). Additionally, under Federal Rules of Civil Procedure, service must be completed by "any **person** who is at least 18 years old and not a party . . ." Fed. R. Civ. (4)(c)(2). (emphasis added). The United States Postal Service is not a natural person that can effectuate service under the applicable federal rules. *Id*.

Here, Plaintiff claims that he effectuated proper service of process when he served the summons and complaint by certified mail on a purported registered agent for Synchrony Financial, the Corporation Trust Company, as identified by the Delaware Department of State. ECF 11. Plaintiff presents no evidence that copies of the summons and complaint were sent by first-class mail, together with two copies of a statement of service by mail and acknowledgment of receipt, and that the signed acknowledgement of receipts were mailed or delivered back to Plaintiff. *See e.g. Klein*, 71 A.D.3d at 958. Furthermore, Plaintiff fails to present any evidence that the Complaint and summons were delivered to Synchrony or the named Defendant, Synchrony Financial. *See e.g. Macaluso*, 115 F.R.D. at 19. Finally, Plaintiff did not comply with applicable federal rules regarding whom may serve. Fed. R. Civ. (4)(c)(2). These failures present a fatal flaw to any argument that Synchrony was properly served.

Even if Plaintiff could have properly served the Complaint via certified mail (which he could not), the Corporation Trust Company expressly rejected service. Nayman Decl., ¶ 6, Ex. A; Kling Decl., ¶¶ 4-5, Ex. A-B.. Specifically, on April 29, 2021 and May 6, 2021, the Corporation Trust Company mailed Plaintiff two letters indicating that it had no record of an entity called Synchrony Financial and that New York had no record of an entity called Synchrony Financial, as such the attempted service via certified mail was rejected. *Id*. The letters informed Plaintiff that Corporation Trust Company could not forward the service on to Synchrony. Nayman Decl., ¶ 7. Neither Corporation Trust Company nor Synchrony have any record that Plaintiff tried to attempt to correct service after the rejection letters were sent. *Id*., ¶ 8. Even if Plaintiff felt that rejection of service was improper, the appropriate means of resolution was not to proceed as if service had been effectuated, especially when he was informed that the Complaint was not forwarded to Synchrony.

Additionally, Plaintiff was required to effectuate service by July 5, 2021. ECF 9. As detailed, infra, Plaintiff has failed to effectuate serve in the time set by the Court. As such, the Court should not be considering default judgment at this juncture, but should be dismissing this matter for non-service.

Because Synchrony was not served, Plaintiff's Motion should be denied and no default should be entered against Synchrony.

## V. CONCLUSION

For all of the reasons set forth herein, this Court should deny Plaintiff's Motion for Default Judgment.

Dated:      July 9, 2021

**REED SMITH LLP**

By*: /s/ Amy Secter*
    Amy Secter, Esq.
    Riverfront Plaza-West Tower
    901 East Byrd Street, Suite 1900
    Richmond, VA 23219-4068
    Phone: +1 804 344 3400
    Fax: +1 804 344 3410

    *Attorneys for Defendant Synchrony Bank*
    *(Improperly named as Synchrony Financial)*

- 9 -

## CERTIFICATE OF SERVICE

I certify that on this 9th day of July, 2021, I caused the foregoing Synchrony Bank's Opposition to Plaintiff's Motion for Default Judgment to be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of this document.

By: */s/ Amy Secter*
Amy Secter, Esq.
*Attorneys for Defendant Synchrony Bank*
*(Improperly named as Synchrony Financial)*