UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAKUB MADEJ, | : | Civil Action No.: 1:21-cv-01894-WFK-SJB |
| Plaintiff, | : | |
| | : | **DECLARATION OF** |
| vs. | : | **ANGEL NAYMAN IN SUPPORT OF** |
| | : | **DEFENDANT'S OPPOSITION O** |
| SYNCHRONY FINANCIAL, | : | **PLAINTIFF'S MOTION FOR DEFAULT** |
| | : | **JUDGMENT** |
| Defendant. | : | |

I, Angel Nayman, declare as follows:

1. I am an Assistant Vice President of Litigation Support, employed by Synchrony Bank. My responsibilities include regularly providing research and support assistance for claims and litigation involving Synchrony Bank. I have performed these responsibilities for Synchrony and its predecessors since 2011. The facts stated herein are true and correct and based upon my own personal knowledge and/or upon my personal review of Synchrony Bank's business records pertinent to this matter. If called as a witness to testify, I could and would competently testify to the facts set forth herein.

2. I make this declaration in support of the Opposition of Synchrony Bank (improperly named as Synchrony Financial) to Plaintiff's Motion for Default Judgment.

3. Synchrony Bank and Synchrony Financial are not the same legal entity. Synchrony Bank is a wholly owned subsidiary of Synchrony Financial. Synchrony Financial does not issue or service consumer credit card accounts. Synchrony Bank is a federal savings association with its principal place of business in Draper, Utah.

4. On June 1, 2021, Synchrony received a copy of the Motion for Default Judgment. Upon receipt, Synchrony retained Reed Smith to represent it and to retrieve a copy of the underlying

pleadings in this matter. The Affidavit of Service obtained by counsel from the Court indicated that Synchrony Financial was served on April 27, 2021 through Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801.

5. Because Synchrony had no record of receiving the Complaint, Synchrony contacted Corporation Trust Company to validate the statements made in the Affidavit of Service.

6. Corporation Trust Company advised Synchrony Bank that it 'rejected' service because it is not an authorized agent for the named defendant, Synchrony Financial., Corporation further Trust Company advised that it mailed a letter to the Plaintiff on April 29, 2021 and May 6, 2021 in which it notified Plaintiff that service was rejected. True and correct copies of the rejection letters as received by Synchrony from Corporation Trust Company are attached hereto as **Exhibit A**.

7. The letters specifically informed Plaintiff that the attempted service was not forwarded to Synchrony. *Id*.

8. Neither Synchrony nor Corporation Trust Company have any record of any attempted service after the rejection letters were mailed to Plaintiff on April 29, 2021 and May 6, 2021.

9. Synchrony was never properly served with the Complaint, Summons, or any other filing in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this  11th  day of June, 2021, at  Rapid City ,  South Dakota

_____
ANGEL NAYMAN