THE TEMPORARY OFFICES OF

# JAKUB J. MADEJ

| 100 CHURCH ST, 8TH FLOOR | (203) 928 8486 |
| NEW YORK, NY 10007 | (203) 902 0070 FAX |
| | J.MADEJ@LAWSHEET.COM |

June 19, 2021

### BY HAND-DELIVERY TO CLERK'S OFFICE

Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers 304N
Brooklyn, NY 11201

*FILED BROOKLYN OFFICE JUL 19 2021 IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y.*

RE:   *Madej v. Synchrony Financial*, No. 1:21-cv-01894

Dear Judge Bulsara:

I am the plaintiff in the above-captioned case. I write this letter to appraise the Court of plaintiff's position in advance of the initial conference scheduled for 12:30pm on Friday, July 23. Docket entry ("DE") [15].

After the defendant purported to answer plaintiff's complaint at DE [13], the Court directed the parties to confer and file a proposed Rule 26(f) report. Synchrony's "answer", however, has no legal effect, for it was filed after Synchrony's time to appear has elapsed, and after plaintiff requested default judgment against it for not appearing. A defendant so defaulted is not entitled to answer the allegations against it – the default itself operates as an admission of the facts in the complaint[1] – and hence could not file an answer.

In fact, such a defendant is not entitled to file any papers, adduce evidence, present defenses, or even "be heard" unless and until the default is set

---

[1] *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("a default is an admission of all well-pleaded allegations against the defaulting party.").

---

| CT ADDRESS | 415 BOSTON POST RD STE 3-1102 | MILFORD CT 06460 |
| | (203) 928 8486    (203) 902 0070 FAX | |

aside[2]. Accordingly, Synchrony's answer cannot stand and must be struck from the record[3]. A motion to that effect is filed concurrently with this letter.

The defendant asked the Court to deny a motion for default judgment, but no such motion was ever made[4]. No motion to set aside the default or for relief from judgment has been filed, and the clerk – on the current record – must enter judgment against Synchrony. Therefore, there can be no discovery and no trial in this case.

Plaintiff respectfully submits that it would be productive for parties to discuss at the conference the various ADR options available to conclude this case short of imminent judgment.

I thank the Court for its courtesy in this matter.

Respectfully submitted,

*[signature]*

Copies to: Amy Secter, Esq. (local counsel for Synchrony)
ASecter@reedsmith.com

---

[2] "The Clerk of Court's entry of default cuts off Defendants' rights to appear in this action, file counterclaims, or to present a defense." *Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006) (striking an answer filed after the entry of default), citing *Cliffon v. Tomb*, 21 F.2d 893 (4th Cir. 1927) ("[A] party [] in default ... has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing."). See also *Cohen v. Rosenthal*, 2015 WL 7722391, at *2 (D. Conn. Nov. 30, 2015) (a defaulted defendant loses its right to file any documents other than a motion to set aside the default).

[3] See, e.g., *J & J Sports Prods. Inc. v. Kuo*, 2007 WL 4116209, at *3 (W.D. Tex. Nov. 15, 2007) (striking an answer filed after default was entered); *Centorr Assocs., Inc. v. Tokyo Tokushu Necco, Ltd.*, 1991 U.S. Dist. LEXIS 13897, at *9 (N.D. Cal. Sep. 12, 1991) (striking letter and exhibits submitted by defaulting defendant seeking to answer the complaint).

[4] The request for default at DE [10, 11] was made under Rule 55(b)(1) and is hence directed to the clerk of court. As a threshold matter, the clerk cannot examine or consider extraneous arguments and documents such as those filed by Synchrony.