Jakub Madej
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
Phone: 203-928-8486
Fax: 203-902-0070

*Plaintiff appearing in person*

**REED SMITH LLP**
Amy Secter, Esq.
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Phone: +1 804 344 3400
Fax: +1 804 344 3410

*Attorneys for Defendant Synchrony Bank
(improperly named as Synchrony Financial)*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jakub Madej,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Synchrony Financial.<br><br>　　　　　　Defendant. | Civil Action No. 1:21-cv-01894 (WFK) (SJB)<br><br>**Return Date:** |

**JOINT STATEMENT REGARDING RULE 26 CONFERENCE AND REPORT**

　　　　Plaintiff Jakub Madej ("Plaintiff") and Defendant Synchrony Bank (improperly named as "Synchrony Financial") ("Synchrony") (collectively, the "Parties") submit the below Joint Statement following their attempted conferral in advance of the initial conference.

　　　　1.　　　On June 8, 2021, the Court issued a Scheduling Order setting a telephonic initial conference for July 23, 2021 at 12:30 p.m. before Magistrate Judge Sanket J. Bulsara.  ECF 15.

　　　　2.　　　A part of that Scheduling Order was an instruction that the parties should

complete the attached Rule 26(f) Report and have it filed no later than two days before the conference. *Id*.

3.  On July 8, 2021, the Parties attempted to engage in a telephone conference to discuss the drafting of the Report.

4.  During the conference it became clear that the Parties had opposing viewpoints on the need for the Rule 26 conference and Rule 26(f) Report.

5.  Accordingly, the Parties agreed to file the instant Joint Statement to clarify their positions to the Court for consideration at the July 23, 2021 telephonic initial conference.

6.  **Plaintiff's position is as follows:**

    a. Synchrony has been defaulted for not appearing when summoned (that is, within the 21 days after service) and cannot participate in this litigation. In particular, it cannot file an answer, engage in discovery, or attack service. "Entry of default cuts off a defendant's right to appear in the action … and present a defense." *Cohen v. Rosenthal*, 2015 WL 7722391, at *2 n. 2 (D. Conn. Nov. 30, 2015) (collecting cases so holding); *Newhouse v. Probert*, 608 F. Supp. 978, 985 (W.D. Mich. 1985) ("When a party is in default ... the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing.").

    b. Synchrony purported to file an answer at docket entry ("DE") [13]. That "answer" has no legal effect, for it was filed after the time to appear has elapsed, and after plaintiff requested default judgment for not appearing. On July 19, Plaintiff filed a motion to strike the purported answer from the record. *See, e.g., J & J Sports Prods. Inc. v. Kuo*, 2007 WL 4116209, at *3 (W.D. Tex. Nov. 15, 2007) (striking

an answer filed after default was entered).

c. Moreover, on the current record, the clerk has a duty not only to certify Synchrony's default but also to enter default judgment against Synchrony, for plaintiff requested such judgment under Rule 55(b)(1) and furnished affidavits establishing all relevant facts that the clerk may and must examine under the Rule before it enters judgment, including that service was effective. DE [11, 12]. The clerk cannot consider extraneous arguments like Synchrony's in deciding plaintiff's request.

d. Synchrony can participate in this litigation if and only if the default judgment is set aside. No motion to that effect has been filed. There is no indication that Synchrony even intends to make such a motion, or that sufficient grounds exist why the Court might grant the extraordinary relief of Rule 60(b). Accordingly, there can be no proper Rule 26(f) conference in this case. "By choosing not to respond, [defendants] will not now be heard to deny [the merits of plaintiff's claim]". *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992)

e. At the initial conference, it may be desirable for the parties to discuss the ADR options by which this dispute might be productively concluded.

f. On July 19, Plaintiff has submitted a separate letter to chambers (delivered concurrently to counsel) fully setting forth the authorities supporting his position.

7. Defendant disagrees with this position and viewpoint, as the Court specifically ordered the parties to complete a Rule 26(f) Report as per the Scheduling Order. ECF 15. Defendant asserts it was never served with the Complaint and had no notice of the action until

receipt of the Motion for Default Judgment. Defendant has opposed the Motion for Default Judgment and expects the Motion to be denied and has provided its reasoning and supportive authority in that filed opposition. ECF 19. In the event the Motion is not denied and default is entered, Defendant is prepared to file a Motion to Set Aside Default, and is confident such a motion will be successful based on the fact that Defendant was not properly served. Defendant expressed that in an interest to save time and resources, the Parties should complete the Rule 26(f) Report accordingly as set forth in the Scheduling Order. *Id*.

8. Defendant intends to file its own Rule 26(f) Report as provided in the Scheduling Order, for consideration at the initial telephonic conference.

9. As the Parties have differing viewpoints on the necessity of the Rule 26(f) Report, which prevented the Parties from coordinating to draft a Joint Rule 26(f) Report, the Parties respectfully submit this Joint Statement for the Court's consideration for the upcoming July 23, 2021 initial conference.

Dated: July 21, 2021

By*:* */s/Jakub Madej*
Jakub Madej

*Pro-Se Plaintiff*

**REED SMITH LLP**

By*:* */s/ Amy Secter*
Amy Secter, Esq.
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Phone: +1 804 344 3400
Fax: +1 804 344 3410

*Attorneys for Defendant Synchrony Bank (Improperly named as Synchrony Financial)*