**REED SMITH LLP**
Amy Secter, Esq.
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Phone: +1 804 344 3400
Fax: +1 804 344 3410

*Attorneys for Defendant Synchrony Bank*
*(improperly named as Synchrony Financial)*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jakub Madej,<br><br>    Plaintiff,<br><br>v.<br><br>Synchrony Financial.<br><br>    Defendant. | Civil Action No. 1:21-cv-01894 (WFK) (SJB) |

**DEFENDANT SYNCHRONY BANK'S RULE 26(f) REPORT**

  Defendant Synchrony Bank (improperly named as "Synchrony Financial") (hereafter "Synchrony") files the below detailed Rule 26(f) Report as ordered and provided by the Court on June 8, 2021. ECF 15. As detailed in the Parties' Joint Statement filed concurrently, the Parties were unable to complete a Joint Report due to the differing views and positions on the necessity and propriety of a Rule 26 Conference. Defendant files this Rule 26(f) Report to comply with the Court's June 8, 2021 Order.

**Case No.: 21-cv-1894(WFK)(SJB)**        Date of Initial Conference: **July 23, 2021**

**Plaintiff(s): Jakub Madej**

**Defendants(s): Synchrony Bank (improperly sued as Synchrony Financial)**

**Phase 1 Discovery**

*Phase 1 discovery entails reciprocal and agreed upon document production and other discovery necessary for a reasoned consideration of settlement.*

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: 14 days following the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(C) ("Unless otherwise agreed upon, the date for completion will be 14 days following the Rule 26(f) conference.").

2. Date for exchange of discovery necessary for reasoned consideration of settlement: 120 Days after Initial Conference.

3. Settlement Conference and Mediation

    a. Option 1: Date for initial settlement conference: 10 days after Document Exchange.

    b. Option 2: The parties wish to be referred to the EDNY Mediation Program for mediation to be completed in the next 60 days: TBD.

## Phase 2 Discovery

*Phase 2 discovery is post-settlement conference discovery that takes the parties to dispositive motion practice.*

1. Because this is an appeal from final agency action, discovery is not required because the parties because intend to move directly to dispositive motion practice after the production of the certified administrative record. If so, please check here: _____, and proceed to Question 10. Otherwise, proceed to Question 2.

2. Time for amendment of the pleadings to add claims or join additional parties: 15 Days Post Settlement Conference.

3. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number permitted by plaintiff(s) N/A and defendant(s) 0.

4. Number of depositions by plaintiff(s) of: N/A parties; N/A non-parties.

5. Number of depositions by defendant(s) of: To Be Decided based on Discovery parties; To Be Decided based on Discovery non-parties.

6. Will any independent medical examinations (IMEs) be conducted? NO.

7. Date for completion of fact discovery: 6 months after Settlement Conference.

8. Number of expert witness of plaintiff(s): N/A medical; N/A non-medical. Date for exchange of expert report(s): N/A.

9. Number of expert witness of defendant(s): To Be Decided based on Discovery medical; To Be Decided based on Discovery non-medical. Date for expert report(s): To Be Decided based on Discovery.

10. Date for completion of expert discovery: To Be Decided based on Discovery.

11. Final date to take the first step in dispositive motion practice: <u>30 days post completion of expert discovery</u>.

12. Contemplated dispositive motions:

    a. Plaintiff(s): N/A

    b. Defendant(s): Motion Challenging Jurisdiction and Venue, Motion to Compel Arbitration, Motion for Judgment on the Pleadings, and Motion for Summary Judgment

13. Have counsel discussed the existence of electronically stored information, and discussed the location and production of such information, as required by Rule 26? NO. Have the parties entered into an ESI protocol? NO. Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case: <u>To Be Decided based on Discovery.</u>

14. Date for submission of any protective order for Court approval: <u>To Be Decided based on Discovery</u>.

15. Details on Rule 26(f) meeting

    a. Date meeting held: Rule 26(f) Conference attempted between the parties on July 8, 2021.

    b. Plaintiff(s)' representative(s) who participated: Pro-se Plaintiff

    c. Defendant(s)' representative (s) who participated: Amy Secter and Alexander Pilorusso

16. For cases where basis of subject matter jurisdiction is diversity:

    a. Is any party an LLC or partnership? NO.

    b. Citizenship of each plaintiff: N/A

    c. Citizenship of each defendant: Utah

17. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C § 636(c)? NO.

18. Please list counsel for each side that will be appearing at the initial conference:

Defendant Synchrony Bank - Amy Secter, Esq.

## Additional Matters for Consideration at Conference

Pursuant to Local Rule 1.6(a) and Local Rule 13(b)(3), Synchrony notifies the Court of a related matter. On April 15, 2021, Plaintiff filed a lawsuit in the Northern District of California,

Case No.: 21-cv-02713-YGR, captioned *Jakub Madej v. Synchrony Bank*.[1]  This matter is substantially related to the California matter in issues of fact, law, and the parties involved.  As this matter was filed first, has the lower docket number, and a superior judicial interest exists in New York, Defendant anticipates filing a Motion to Transfer Venue with the Northern District of California to transfer the related lawsuit to this venue, and then, as required, Synchrony will file a Motion to Consolidate these two matters.

      Furthermore, Defendant is contemplating filing a Motion to Compel Arbitration, based on an Arbitration agreement entered into between Plaintiff and Synchrony.

                                **REED SMITH LLP**

                         By: */s/ Amy Secter*
                            Amy Secter, Esq.
                            Riverfront Plaza-West Tower
                            901 East Byrd Street, Suite 1900
                            Richmond, VA 23219-4068
                            Phone: +1 804 344 3400
                            Fax: +1 804 344 3410

                            *Attorneys for Defendant Synchrony Bank*
                            *(Improperly named as Synchrony Financial)*

---

[1] This matter was initial captioned *Jakub Madej v. PayPal Credit d/b/a PayPal, Inc.*, but the parties consented to a substitution of Defendant to name Synchrony Bank as the appropriate defendant.