UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN COURTHOUSE

| | |
|---|---|
| JAKUB MADEJ,<br><br>              Plaintiff,<br><br>    v.<br><br>SYNCHRONY FINANCIAL,<br><br>              Defendant. | Case No. 1:21-cv-01894-WFK-SJB<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER AND MEMORANDUM IN SUPPORT**<br><br>Filed:    July 19, 2021. |

    Plaintiff Jakub Madej respectfully petitions the Court for an order striking defendant's purported answer at docket entry ("DE") [13]. That "answer" is a legal nullity because it was filed after Synchrony had been defaulted for not appearing, and after plaintiff asked the clerk to enter default judgment against Synchrony for that non-appearance. By the time Synchrony filed its "answer", it lost its standing in court, and could not file any responsive pleadings (such as an answer), challenge service, or present defenses. Synchrony's answer is thus a nullity: it has been void *ab initio*, and should be struck from the record.

### FACTUAL BACKGROUND

    Plaintiff Jakub Madej filed this case against Synchrony Financial on April 6, 2021. DE [1]. The summons issued on April 15 commanded Synchrony to appear before this Court and answer plaintiff's complaint within 21 days after being served with process. Fed. R. Civ. P. 12(a)(1)(A)(i). The language in the summons was clear: "if you fail to respond, judgment by default will be entered against you

— 1 —

for the relief demanded in the complaint." DE [12]. Synchrony was served with said process on April 27, and had until May 18 to appear to plead or otherwise defend the case. *Id.*

But Synchrony did not appear. It has not filed a responsive pleading or a motion asserting Rule 12(b) defenses, nor has it otherwise challenged the merits of the action. Synchrony has not filed a notice of appearance or communicated with Plaintiff's counsel in any way. Because Synchrony had neither appeared when summoned nor served an answer, Plaintiff promptly asked the Clerk to certify Synchrony's default and to enter default judgment against Synchrony under Rule 55(b)(1). DE [10, 11, 12]. Attached to that request were affidavits certifying under oath that the complaint and the summons were duly served on Synchrony. DE [12].

More than a week later, on June 3, Synchrony suddenly reemerged, claimed it knew nothing about this action, tried to persuade the plaintiff to withdraw the request for default, and purported to file an answer. DE [13]. This motion seeks to strike that answer.

## LEGAL PRINCIPLE

A writ of summons commands the defendant to appear before the issuing court and answer plaintiff's allegations within a certain period of time after being served with process (in this case 21 days). A summons warns the defendant that not appearing will result in a default judgment against it for the relief demanded in the complaint. Fed. R. Civ. P. 4(a)(1)(E). "Default" occurs when defendant has failed to plead or otherwise respond to complaint within required time period.

It is well-established that a defaulted defendant cannot plead unless its default is set aside. *Cohen v. Rosenthal*, 2015 WL 7722391, at *2 n. 2 (D. Conn. Nov. 30, 2015) ("Entry of default cuts off a defendant's right to appear in the action, file counterclaims, and present a defense."). "When a party is in default ... the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing." *Newhouse v. Probert*, 608 F. Supp. 978, 985 (W.D. Mich. 1985) (cleaned up), quoting *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927). In particular, that party cannot answer the complaint, adduce any evidence, or present defenses.

"After an entry of default, the only procedure available to a defendant is to file a motion to set aside the entry of default or default judgment under Federal Rule of Civil Procedure 55(c) or 60(b)". *Centorr Assocs., Inc. v. Tokyo Tokushu Necco, Ltd.*, No. C-88-5097-SAW, 1991 U.S. Dist. LEXIS 13897, at *9 (N.D. Cal. Sep. 12, 1991); *Banks v. Kottemann L. Firm*, 2021 WL 1227619, at *8 (M.D. La. Mar. 31, 2021) (collecting cases holding that a defaulted party must succeed in setting aside the default entry before it can file motions that go to the merits of the case). See also *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992) ("By choosing not to respond, [defendants] will not now be heard to deny this claim.").

## ARGUMENT

### A. Synchrony had been defaulted for not appearing and has been precluded from filing a responsive pleading.

In the instant case, Synchrony defaulted because it did not file an answer within the allowed time, and did not appear before the Court within that time.

Synchrony was summoned to appear by no later than May 18 and answer plaintiff's complaint. Synchrony has not appeared. The docket conclusively establishes that no counsel filed a notice of appearance on behalf of Synchrony, and that Synchrony has not filed any other paper indicating any intention of defending the suit by May 18. Synchrony's time to plead expired later that day. By not appearing before this Court, Synchrony has put itself in default. At that point, Synchrony lost its right to file an answer, or to challenge the merits of this case. From that point on, Synchrony could at most petition the Court to set the default aside, which it has not done.

Roughly a week later, on May 24, plaintiff ask the Clerk of Court to certify Synchrony's default and furnished an affidavit showing that Synchrony's failed to plead or otherwise defend this case. DE [10]. Plaintiff also requested default judgment under Rule 55(b)(1). DE [11]. At that point, Synchrony could only answer the complaint if the Court sets aside the default judgment. Synchrony has not filed a motion to that effect.

Ignoring all of the above, Synchrony purported to file an answer on June 3. At that point, Synchrony was barred from filing an answer: the entry of default cut off its right to appear in the action and present a defense. Its "answer" filed at docket entry 13 is thus a legal nullity, and should be struck from the docket. See, e.g., *Centorr*, 1991 U.S. Dist. LEXIS 13897, *supra* (striking letter and exhibits submitted by defaulting defendant seeking to respond to plaintiff's motion for default judgment and answer the complaint); *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721, 728 (E.D. Mich. 2010) (striking defendant's third-party complaint because defendant filed it after default); *J & J Sports Prods. Inc. v. Kuo*, 2007 WL

4116209, at *3 (W.D. Tex. Nov. 15, 2007) (striking an answer filed after default was entered).

## CONCLUSION

The Court should strike Synchrony's answer from the docket.

Respectfully submitted,

Dated:   July 19, 2021                    By: /s/ Jakub Madej
                                          Jakub J. Madej (in person)
                                          THE TEMPORARY OFFICES OF JAKUB MADEJ
                                          415 Boston Post Rd, Ste 3-1102
                                          Milford, CT 06460
                                          T: (203) 928-8486
                                          F: (203) 902-0070
                                          E: j.madej@lawsheet.com