## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAKUB MADEJ,<br>    Plaintiff,<br>v.<br>SYNCHRONY FINANCIAL,<br>    Defendant. | Case No. 1:21-cv-01894-WFK-SJB<br><br>**PARTIES' JOINT<br>RULE 26(f) REPORT**<br><br>Initial Conference held on July 27, 2021 |

Plaintiff Jakub Madej and Defendant Synchrony Financial respectfully submit the following Rule 26(f) report.

### Phase 1 Discovery

1.  The parties will exchange the initial disclosures under Rule 26(a)(1) by <u>August 11, 2021</u>.

2.  The proposed date for exchange of discovery necessary for reasoned consideration of settlement is <u>September 30, 2021</u>.

3.  Settlement Conference and Mediation:

    a.  <u>Option 1</u>: Parties propose that the initial settlement conference be held on Tuesday, <u>October 12, 2021</u>.

    b.  <u>Option 2</u>: The parties also wish to be referred to the EDNY Mediation Program for mediation to be completed by <u>October 8, 2021</u>. Parties will promptly notify the Court if mediation is successful and the settlement conference thus unnecessary.

### Phase 2 Discovery

1.  Time for amendment of the pleadings to add claims or join additional parties: <u>October 28, 2021</u>.

2.  No additional interrogatories beyond the 25 permitted under the federal rules are needed.

3.  Plaintiff anticipates no more than five depositions, depending on the facts revealed in Phase 1 Discovery.

4.  Defendant anticipates no more than five depositions, depending on the facts

      revealed in Phase 1 Discovery and Phase 2 Discovery.

5. The fact discovery will be completed by <u>March 11, 2022</u>.

6. Plaintiff will promptly disclose the identity of any expert he contemplates to use at trial in accordance with Rule 26(a)(2).

7. Defendant will disclose the identity of any experts that it may use at trial in accordance with the Federal Rules of Civil Procedure and any other Court order.

8. Date for completion of expert discovery: <u>June 11, 2022</u>.

9. Final date to take the first step in dispositive motion practice: <u>July 11, 2022</u>.

10. Contemplated dispositive motions:

    a. <u>Plaintiff</u>: Summary judgment as to violations under 47 U.S.C. § 227(c)(5)(B). Because issues of bad faith are rarely resolved at summary judgment, *see Lang v. Retirement Living Publishing Co., Inc.*, 949 F.2d 576, 583 (2d Cir. 1991) (cleaned up), Plaintiff anticipates a trial as to whether these violations were made knowingly and willfully.

    b. <u>Defendant</u>: Defendant contemplates filing a Motion to Set Aside Default, depending on the resolution of Plaintiff's Motion for Default Judgment. Defendant further contemplates filing a potential Motion to Consolidate, if the second lawsuit, which was filed in California, is transferred to this venue. Finally, Defendant contemplates the possible filing of a Motion to Compel Arbitration. Defendant also contemplates filing a Motion for Summary Judgment as appropriate.

11. Have counsel discussed the existence of electronically stored information, and discussed the location and production of such information, as required by Rule 26?

    <u>Plaintiff's position</u>: Defendants were unprepared to discuss basic questions about ESI at conference, and only represented that they "would have to check back with the client". When plaintiff followed up after the conference, defendants declined to meaningfully respond to repeated inquiries about where relevant ESI is located, what format is it stored in, or if it was preserved at all. Most if not all discoverable evidence in this case is, without a doubt, stored electronically. Defendants also objected to a proposed and drafted ESI protocol that plaintiff drafted and circulated for review (attached) as "not necessary". Plaintiff anticipates that ESI will become a contentious issue in discovery, and would appreciate the Court's assistance at the initial conference.

       Defendant's position: Synchrony informed Plaintiff of what type of electronic information it maintains and how it will produce this information in discovery (in an accessible and readable format) during litigation. Synchrony's position is that an ESI protocol is unnecessary due to the limited amount of discoverable ESI information.

12. Date for submission of any protective order for Court approval: August 20, 2021.

13. Details on Rule 26(f) meeting:

    a. Date meeting held: June 27, 2021.

    b. Plaintiff's representative who participated: Jakub Madej

    c. Defendant's representative who participated: Amy Secter and Alexander Pilorusso, on behalf of Amy Secter.

14. Jurisdiction is invoked under 28 U.S.C. § 1331 because all claims arise under the Telephonic Consumer Protection Act, 47 U.S.C. § 227, which is a law of the United States. *See* complaint at para 4.

15. Synchrony does not consent to trial before a magistrate judge pursuant to 28 U.S.C § 636(c).

16. Please list counsel for each side that will be appearing at the initial conference:

    Jakub Madej for plaintiff (appearing in person)
    Amy Secter for defendant Synchrony Financial

17. Plaintiff's additional statement: Plaintiff wishes to note that, on the current record, the clerk of court has a duty to enter default judgment against Synchrony for not appearing. (Synchrony appeared only when it learned that clerk's default judgment was requested, and its entry imminent.) Evidence available on the record contradicts Synchrony's contentions about not being served with process. DE 10, 11. Plaintiff will shortly respond to defendant's opposition, DE 19, and move to compel the clerk to enter judgment, as mandated by Rule 55(b)(1).

18. Defendant's additional statement.

    Defendant notes that it has been improperly names as Synchrony Financial, and that its correct name is Synchrony Bank.

Pursuant to Local Rule 1.6(a) and Local Rule 13(b)(3), Synchrony notifies the Court of a related matter. On April 15, 2021, Plaintiff filed a lawsuit in the Northern District of California, Case No.: 21-cv-02713-YGR, now captioned *Jakub Madej v. Synchrony Bank*. This matter is substantially related to the California matter in issues of fact, law, and the parties involved. As this matter was filed first, has the lower docket number, and a superior judicial interest exists in New York, Defendant anticipates filing a Motion to Transfer Venue in the Northern District of California to transfer the related California lawsuit to this venue. Synchrony will then, as required, file a Motion to Consolidate these two matters.

Despite Synchrony's opposition, based upon, among other things, clear facts showing a lack of service, Plaintiff continues to pursue the default of Synchrony. Based upon Plaintiff's insistence, any attempts to settle this matter have been fruitless. Synchrony respectfully requests that this Honorable Court resolve the matter of default, prior to any mediation or settlement so that such discussions can be complete and fruitful.

Respectfully submitted,

By: /s/Amy Secter
Amy Elizabeth Secter
REED SMITH LLP
901 E. Byrd St, Ste 1900
Richmond, VA 23219
T: (804) 344-3487
F: (804) 344-3410
E: asecter@reedsmith.com

*Attorney for Defendant*

By: /s/Jakub Madej
Jakub J. Madej (not barred)
THE TEMPORARY OFFICES OF JAKUB MADEJ
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

*Plaintiff appearing in person*