**REED SMITH LLP**
Amy Secter, Esq.
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Phone: +1 804 344 3400
Fax: +1 804 344 3410

*Attorneys for Defendant Synchrony Bank*
*(Improperly named as Synchrony Financial)*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jakub Madej,<br><br>    Plaintiff,<br><br>v.<br><br>Synchrony Financial.<br><br>    Defendant. | Civil Action No. 1:21-cv-01894 (WFK) (SJB) |

### SYNCHRONY BANK'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE SYNCHRONY BANK'S ANSWER

## **TABLE OF CONTENTS**

                                                                           **Page**

I. INTRODUCTION ........................................................................................................1

II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ............................1

III. LEGAL ARGUMENT..................................................................................................2

IV. CONCLUSION...........................................................................................................3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Banks v. Kottemann L. Firm*,
   2021 WL 1227619 (M.D. La. Mar. 31, 2021) ............................................................................2

*Centorr Assocs., Inc. v. Tokyo Tokushu Necco, Ltd.*,
   No. C-88-5097-SAW, 1991 U.S. Dist. LEXIS 13897 (N.D. Cal. Sep. 12, 1991) .....................2

*Cohen v. Rohensthal*,
   2015 WL 7722391 (D. Conn. Nov. 30, 2015) ..........................................................................2

*EEOC v. Bay Ridge Toyota, Inc.*,
   327 F. Supp. 2d 167 (E.D.N.Y. 2004) ......................................................................................3

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
   973 F.2d 155 (2d Cir. 1992).....................................................................................................2

*Newhouse v. Probert*,
   608 F. Supp. 978 (W.D. Mich. 1985) .......................................................................................2

*Spiteri v. Russo*,
   No. 12-CV-2780, 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sept. 7, 2013) ...........................3

**Rules**

Fed. R. Civ. 12(f) ............................................................................................................................3

Defendant Synchrony Bank (improperly named as "Synchrony Financial," "Synchrony") submits this brief in opposition to Plaintiff's Motion to Strike Synchrony's Answer and Affirmative Defenses and requests Plaintiff's Motion to Strike be denied.

## I.  INTRODUCTION

Plaintiff's Motion to Strike seeks to strike Synchrony's Answer and Affirmative Defenses based solely upon the incorrect belief that Synchrony is in default.  The docket clearly reflects that no default has been entered against Synchrony.  Accordingly, Plaintiff's entire Motion to Strike is based on a faulty premise.  Plaintiff has articulated no other basis upon which to strike Synchrony's Answer and Affirmative Defenses.  Accordingly, his Motion to Strike should be denied.

## II.  STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On April 6, 2021, Plaintiff initiated a lawsuit against Synchrony in relation to one or more of the credit card accounts he opened with Synchrony Bank.  ECF 1.  In his Complaint, Plaintiff alleges that Synchrony violated the Telephone Consumer Protection Act when it called him unprompted and without consent.  Compl., ¶ 11-12.

On April 19, 2021, the Court issued an Order directing Plaintiff to complete proper service by July 5, 2021.  ECF 9.  On May 24, 2021, Plaintiff filed what he claimed to be an Affidavit of Service.  ECF 10, 11, 12.  Notwithstanding the representations in Plaintiff's affidavit, Synchrony was never served with the Complaint.  *See generally* ECF 21.

On May 24, 2021, Plaintiff filed a Motion for Default Judgment.  ECF 11.  On June 1, 2021, Synchrony received a copy of the Motion for Default Judgment.  *Id*. ¶ 4.  On June 3, 2021, Synchrony filed its Answer, which is the subject of the instant motion.  ECF 13.  On June 11, 2021, the Court directed Synchrony to respond to the Motion for Default Judgment by July 11,

2021. ECF 16. Synchrony timely filed its response. ECF 19.[1] Plaintiff's Motion for Default Judgment remains pending and the docket confirms that no default judgment has been entered against Synchrony. *See generally* docket. During the July 23, 2021 status conference, the Court advised Plaintiff that no default has been entered, that defaults are disfavored, and that if a default were to be granted, it would likely be vacated. Despite cautionary advice from the Court, Plaintiff persists in pursuing baseless motions like the instant Motion to Strike. ECF 27. The entire premise of Plaintiff's Motion is that Synchrony is in default. He is incorrect.

### III. LEGAL ARGUMENT

As a preliminary matter, Plaintiff's only basis for striking the Answer is that it is a "legal nullity" based upon his incorrect belief that Synchrony is in default here. ECF 27, p. 1. Specifically, Plaintiff cites to inapplicable authority which only supports the position that a party cannot file an answer when it is in default, despite there being no default in the present matter. *Id*., p. 3.[2] As such his only authority applies to striking attempts to plead after a default has been entered. *Id*.

Here, the Court's docket unequivocally demonstrates that the foundational premise of Plaintiff's Motion to Strike—that Synchrony has been defaulted—is flawed because no default has been entered. *See generally* Docket. Because the authority provided by Plaintiff relates to filing of an answer after default and no default has been entered, it is neither controlling nor

---

[1] Synchrony incorporates by reference the entirety of its response as if fully set forth at length herein.

[2] Plaintiff cites *Cohen v. Rohensthal*, 2015 WL 7722391, at *2 n.2 (D. Conn. Nov. 30, 2015); *Newhouse v. Probert*, 608 F. Supp. 978, 985 (W.D. Mich. 1985); *Centorr Assocs., Inc. v. Tokyo Tokushu Necco, Ltd.*, No. C-88-5097-SAW, 1991 U.S. Dist. LEXIS 13897, at *9 (N.D. Cal. Sep. 12, 1991); *Banks v. Kottemann L. Firm*, 2021 WL 1227619, at *8 (M.D. La. Mar. 31, 2021); and *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992). The majority of these asserted authorities are inapplicable, as they deal with issues wherein a party was actually defaulted. The only matter that does not deal with an already entered default is *Cohen v. Rohensthal*, but in that matter, unlike here, there was no failure of service and defendant had missed multiple deadlines prior to default being entered. *Cohen*, 2015 WL 7722391, at *2 n.2.

instructive to the Motion before the Court. Accordingly, Plaintiff's Motion on this basis should be denied.

Not only is the authority relied upon by Plaintiff inapplicable to this case given that no default judgment has been entered, Plaintiff has failed to address when a pleading may otherwise be stricken. Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although "Rule 12(f) motion[s are] left to the district court's discretion," they are generally "disfavored and granted only if there is a strong reason to do so." *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004); *Spiteri v. Russo*, No. 12-CV-2780, 2013 U.S. Dist. LEXIS 128379, at *64 n.62 (E.D.N.Y. Sept. 7, 2013) (internal quotation marks and citation omitted).

Here, Plaintiff has identified no "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. 12(f). Accordingly, there is no basis for this Court to strike Synchrony's Answer and Plaintiff's Motion to Strike should be denied.

## IV.  CONCLUSION

For all of the reasons set forth herein, this Court should deny Plaintiff's Motion to Strike.

Dated: August 6, 2021

**REED SMITH LLP**

By: */s/ Amy Secter*
    Amy Secter, Esq.
    Riverfront Plaza-West Tower
    901 East Byrd Street, Suite 1900
    Richmond, VA 23219-4068
    Phone: +1 804 344 3400
    Fax: +1 804 344 3410

    *Attorneys for Defendant Synchrony Bank*
    *(Improperly named as Synchrony Financial)*

Case 1:21-cv-01894-WFK-SJB   Document 30   Filed 08/06/21   Page 7 of 7 PageID #: 154

- 4 -

## CERTIFICATE OF SERVICE

I certify that on this 6th day of August, 2021, I caused the foregoing Synchrony Bank's Opposition to Plaintiff's Motion for Default Judgment to be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of this document.

By:   */s/ Amy Secter*
      Amy Secter, Esq.
      *Attorneys for Defendant Synchrony Bank*
      *(Improperly named as Synchrony Financial)*

- 4 -