UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAKUB MADEJ,

                Plaintiff,               **REPORT & RECOMMENDATION**
                                                                                                                    21-CV-1894-WFK-SJB

        *v.*

SYNCHRONY FINANCIAL,

                Defendant.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       Plaintiff has moved to strike Defendant Synchrony Financial's Answer. (Pl.'s Mot. to Strike Def.'s Answer and Mem. in Supp. dated July 19, 2021 ("Motion"), Dkt. No. 27). The Motion is premised on the suggestion that the Defendant defaulted. But the Defendant did not default: the Clerk of Court never entered a default. Therefore, the Defendant is permitted to answer, and there is no basis for Plaintiff to strike the Answer. (*See* Def. Synchrony Bank's Answer and Defenses to Jakub Madej's Compl. dated June 3, 2021 ("Answer"), Dkt. No. 13). Therefore, the Court respectfully recommends that the motion to strike be denied.

       To the extent that Plaintiff is suggesting that Defendant's Answer was late, there is no merit to that position. The Defendant appears not to have been properly served, meaning that the time to answer did not begin to run. Under Federal Rule 4(h), to serve a corporation, a plaintiff may deliver a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized under law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). A plaintiff may also satisfy federal service requirements for corporations by meeting the standards set forth under state law. Fed.

1

R. Civ. P. 4(h)(1)(A) (incorporating Rule 4(e)(1)). And while "[a]ffidavits of service [are] *prima facie* [evidence] that service was effected or attempted in the manner described therein[,]" *Acceptance Ins. Co. v. Home Med. Of Am., Inc.*, No. 04-CV-9338, 2005 WL 3471780, at *2 (S.D.N.Y. Dec. 20, 2005), the Court need not assume service was proper . . . if the affidavits are inconsistent or unreliable. *See, e.g.*, *Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050, 2015 WL 1469619, at *6 (E.D.N.Y. Mar. 30, 2015) (adopting report and recommendation).

    Here, Plaintiff's Affidavit of Service in support of his Motion for Default Judgment, (Aff. of Service dated May 24, 2021 ("Aff. of Service"), Dkt. No. 12), indicates that service of the Complaint and Summons was successfully made on The Corporation Trust Company ("CT Corporation Delaware"), located at 1209 Orange St., Wilmington, Delaware 19801 on April 27, 2021. Plaintiff avers this is Synchrony Financial's registered agent. (*Id.* ¶ 3). This Affidavit—the only evidence of service on Synchrony—contains several discrepancies that render it unreliable. While the Affidavit states that Synchrony Financial was served via CT Corporation Delaware, that address matches neither the Complaint nor the Summons. The Complaint lists Defendant's addresses as both (1) Synchrony Financial, d/b/a Synchrony Bank, 777 Long Ridge Rd., Stamford, CT 06902 (Defendant's corporate headquarters), and (2) Synchrony Financial c/o CT Corporation System Inc., 28 Liberty Street [New York, NY 10005] ("CT Corporation New York"). (Compl. for Violations of TCPA, 47 U.S.C. § 227 dated Mar. 28, 2021, Dkt. No. 1). The Summons lists the relevant address as Synchrony Financial c/o CT Corporation System Inc., 28 Liberty Street, New York, NY 10005. (Summons dated Apr. 15, 2021 ("Summons"), Dkt. No. 8). Where, as here, the address of service does not match the address in the complaint or summons, a Court may conclude that service has

2

not been properly effectuated. *See, e.g.*, *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *3 (E.D.N.Y. Jan. 28, 2019) (finding no reliable evidence of service where affidavits of service contained conflicting addresses, including an address inconsistent with Defendant's primary address listed in the Complaint). Even if that were not the case, service appears to have been improper, since Defendant states that CT Corporation is not a registered agent for Synchrony Financial and that it had no record of receiving service. (*See* Letter Mot. Requesting Extension of Time to Respond to Pl.'s Mot. for Default J. Filed in Accordance with Local Rules 5.2(b) and 7.1(d) dated June 4, 2021 ("Mot. for Extension"), Dkt. No. 14 at 1). This assertion is not rebutted by Plaintiff, and he has provided nothing to buttress his claim that service on CT Corporation Delaware was appropriate. Since there was no evidence that Defendant was properly served, the 21 days to answer did not begin to run, and the Answer, though preemptive, was not late. *See* Fed. R. Civ. P. 12(a)(1)(A).

But even if the Answer were late, the Court concludes that the conditions for permitting a late answer are met. That is, there is no reason not to permit Defendant to answer, and there is no reason to enter a default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Liang v. Home Reno Concepts, LLC*, 803 F. App'x 444, 446 n.2 (2d Cir. 2020) ("If an answer is filed late, the court may treat the issue as one of default."). In permitting a late answer or setting aside a default, *Enron Oil* directs the court to consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." 10 F.3d at 96.

As to the first factor, the Court finds that Defendant has established that any delay in the timing of the filing of its Answer was not intentional, but the result of a

3

potentially invalid service of process. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (explaining that courts look for "bad faith, or at least something more than mere negligence" to establish willfulness). Although it is not clear when Defendant received Plaintiff's Summons and Complaint, it is plain that Defendant did not ignore the action. *Cf. Gonzalez v. ERBA Inc.*, No. 15-CV-6037, 2018 WL 1221152, at *2 (E.D.N.Y. Mar. 8, 2018) (explaining that a default is willful "where a defendant simply ignores the complaint"). After receiving notice of Plaintiff's Motion for Default Judgment on June 2, 2021, Defendant promptly retained counsel and responded. (*See* Mot. for Extension at 1). Any late answer was, therefore, not willful. As to the second factor, it may be true that setting aside any default may postpone resolution and require the parties to expend resources continuing with mediation or litigation. But delay alone does not establish prejudice. *Enron Oil,* 10 F.3d at 98. As to the third factor, Defendant's Answer asserts a dozen defenses that go to the merits of the case. (*See* Answer at 7–11). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) (citation omitted). The Court's preference is to resolve cases on the merits, not on default, and the Answer suggests a viable merits defense is at least facially viable and that Defendant is prepared to litigate such defenses. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (noting that the Second Circuit has "expressed a strong preference for resolving disputes on the merits") (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)). Upon balancing these factors, the Court concludes that the conditions for permitting a late answer are present.

For the reasons stated above, the Court respectfully recommends that Plaintiff's motion to strike be denied. Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.

*/s/ Sanket J. Bulsara*
_____
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York
November 3, 2021