


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAKUB MADEJ,<br><br>*Plaintiff,*<br><br>v.<br><br>SYNCHRONY FINANCIAL,<br><br>*Defendant.* | Case No. 21-CV-1894 (WFK) (SJB)<br><br>**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>R&R dated: November 3, 2021<br>Objection filed: November 17, 2021 |

**To Hon. William F. Kuntz II, United States District Judge:**

1. This is plaintiff's objection to a report and recommendation Judge Bulsara issued on November 4, 2021. I am the plaintiff, and I litigate this case in person. I will therefore address the Court in first person.

*Summary of Judge Bulsara's argument and recommendation:*

2. The Defendant did not default because the Clerk of Court never entered default. Defendant doesn't appear to have been properly served. Defendant's answer was sufficiently timely to allow it to proceed. Therefore, the Court should not strike defendant's answer.

*Summary of arguments by Jakub Madej (representing himself) for the plaintiff:*

3. The issue here is not one of late answer, but of Defendant trying to answer a complaint after Plaintiff became entitled to judgment against the Defendant.

4. Defendant entered into default after it was summoned to appear, failed to plead within the time allowed, and plaintiff requested by affidavit that the Clerk certify the default. Default is determined by operation of the rule, not by the clerk's discretion. Under Rule 55(a), the clerk certifies or notes the default. But the clerk does not *trigger* the default. The default is triggered when the party falls in its duty to appear, which is articulated in the

— 1 —

summons. The clerk only assists the court by reviewing the record and certifying that defendant has indeed not appeared.

5.  It is true that the clerk failed to certify default. But it was clerk's duty to do so because affidavit supplied by plaintiff established that defendant failed to plead, and that fact was apparent from the record. Clerk's negligence in performing its duties shouldn't affect plaintiff's rights. It would be unjust if the clerk's negligence in discharging its duties could affect any litigant's substantive rights in litigation.

6.  In addition to default, plaintiff is entitled to default judgment because he made a proper request under Rules 55(a) and 55(b)(1)[1], which provide for mandatory judgment if certain procedural requirements are met, and he met them. The Clerk failed to fulfill its duty of entering the judgment, and should be compelled to do so. A separate application to that effect will follow.

*Standard of review – objections to magistrate judge's recommendation*

7.  The statute that governs magistrate judges provides, in relevant part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.
>
> 28 U.S.C. § 636(b)(1)(C)

8.  These principles were summarized by this Court in, among other cases, *Sec. & Exch. Comm'n v. Nadel*, 206 F. Supp. 3d 782, 784 (E.D.N.Y. 2016).

9.  It follows that the Court reviews the matter anew.

*Argument and discussion*

*Should defendant's answer be stricken?*

---

[1] All Rules, unless indicated otherwise, refer to Federal Rules of Civil Procedure.

10. Judge Bulsara's conclusion is premised on the fact that the Clerk never certified Defendant's default. But it was the Clerk's duty to certify default.

11. Rule 55(a) provides as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> Fed. R. Civ. P. 55(a).

12. Here, Defendant failed to "plead or otherwise defend" by not appearing or filing an answer 21 days after it was served with process. Plaintiff showed that fact by affidavit dated May 24, 2021, filed on the docket at entry number 10-1.

13. After plaintiff showed defendant's failure to plead by affidavit, it became the Clerk's duty to enter defendant's default. But the Clerk never fulfilled this duty; the default hasn't been entered at any point until today, almost six months after the duty arose.

14. Had the Clerk fulfilled its duty, the Defendant could not have filed an answer. This is because a defaulted defendant cannot plead unless its default is set aside[2]; and after a default is entered, the only procedure available to a defendant is to file a motion to set aside the entry of default or default judgment under Federal Rule of Civil Procedure 55(c) or 60(b).[3]

15. Plaintiff's position in litigation cannot be affected by the clerk's negligence in performing its duties. It would be unjust to put the blame on plaintiff

---

[2] *Cohen v. Rosenthal*, 2015 WL 7722391, at *2 n. 2 (D. Conn. Nov. 30, 2015) ("Entry of default cuts off a defendant's right to appear in the action, file counterclaims, and present a defense."); Newhouse v. Probert, 608 F. Supp. 978, 985 (W.D. Mich. 1985) ("When a party is in default ... the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing."), quoting *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

[3] *Banks v. Kottemann L. Firm*, 2021 WL 1227619, at *8 (M.D. La. Mar. 31, 2021) (collecting cases holding that a defaulted party must succeed in setting aside the default entry before it can file motions that go to the merits of the case). See also *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992) ("By choosing not to respond, [defendants] will not now be heard to deny this claim.").

after he diligently fulfilled all requirements demanded from him by the Federal Rules and the Local Rules.

16. It follows that Defendant's answer should be stricken from the record.[4]

*Was service accomplished here – and when a potential defect could be raised?*

17. I first note that even if service was deficient, had the Clerk fulfilled its duty to enter default and default judgment, the defendant could only raise such an issue by a post-judgment motion. Put differently, a party in default cannot be heard after mandatory judgment against it was requested, and before it was entered on the record.

18. Similarly, the Clerk in entering default and default judgment under Rules 55(a) and 55(b)(1) cannot receive or consider arguments beyond the plaintiff's affidavits required by these Rules; in particular, it cannot consider arguments by someone claiming to be the defaulted defendant. Such requests must be made by a separate motion.

19. Judge Bulsara's report puts forth several arguments why Defendant wasn't properly served. This was an error, as independently examining the record establishes that service was properly accomplished.

20. Under Federal Rule 4(h), to serve a corporation, a plaintiff may deliver a copy of the summons and complaint to an agent authorized under law to receive service of process.[5]

21. Plaintiff's affidavit of service at docket entry 12 – sworn under penalty of perjury – establishes that:
   (1) defendant's registered agent appointed by it and recorded in the Delaware Division of Corporations is The Corporation Trust Company, located at 1209 Orange St, Wilmington, DE 19801;

---

[4] See also *Centorr Assocs., Inc. v. Tokyo Tokushu Necco, Ltd.*, No. C-88-5097-SAW, 1991 U.S. Dist. LEXIS 13897, at *9 (N.D. Cal. Sep. 12, 1991) (striking letter and exhibits submitted by defaulting defendant seeking to respond to plaintiff's motion for default judgment and answer the complaint).

[5] Fed. R. Civ. P. 4(h)(1)(B).

(2) on April 27, 2021, the Corporation Trust Company was served with process by certified mail, return receipt requested, and provides a return receipt as exhibit.

22. This affidavit serves a *prima facie* evidence that service was accomplished.

23. Judge Bulsara's Report takes two issues here.

24. *First*, the Report classified the affidavit as "unreliable" because the address in the affidavit and the address in the summons are distinct.

25. There is no requirement that addresses listed in the complaint, mentioned on the summons, and where service was performed be the same – as long as service is performed on an agent who's lawfully authorized to accept such service. One defendant can have multiple addresses, especially when it is a large corporation like the Defendant here. And that defendant may appoint multiple agents to receive process for him, whether for convenience or because a particular state's laws require that a local agent be appointed. Plaintiff need not investigate defendant's entire corporate structure to fulfill service: he must only serve *an agent* authorized under law to receive service of process, not any one specific agent.

26. *Second*, the Report points one simple fact: Defendant mentioned in a letter at docket entry 14 that CT Corporation is not its registered agent. But one sentence in an unsworn letter is not evidence, and shouldn't be given any weight against a sworn statement and records from a state-level authority. Put informally, anyone can say anything in a letter, and later put the blame on lack of knowledge, misunderstanding, or an innocent error; often genuinely. An affidavit, however, ensures that the affiant has investigated the facts, considered what he intends to say, and swears an oath to give weight to his statements. (If he lies and that fact is uncovered, he would promptly lose credibility, and would likely face prosecution for perjury).

27. That no genuine issue of fact exists here is clear from undisputed records at the Delaware Division of Corporations, which establish that CT Corporation *is* Defendant's registered agent in the State of Delaware. Plaintiff's

affidavit establishes that fact. In case of doubt, the Court can independently examine such records at the Division's website.[6]

28. It follows that Judge Bulsara erred in concluding that, on the record, Defendant wasn't properly served.

*Conclusion*

29. For these reasons,
   (1) Judge Bulsara's report and recommendation should be overruled; and
   (2) defendant's answer should be stricken because it was filed after default would have been noted and judgment entered against Defendant but for the Clerk's negligence.

30. Procedurally, the Court can either make a fresh determination, or remit the matter to the magistrate judge for further consideration.

Respectfully submitted,

Dated: November 17, 2021.    By: /s/ Jakub Madej
                             Jakub J. Madej (in person)
                             THE TEMPORARY OFFICES OF JAKUB MADEJ
                             415 Boston Post Rd, Ste 3-1102
                             Milford, CT 06460
                             T: (203) 928-8486
                             F: (203) 902-0070
                             E: j.madej@lawsheet.com

---

[6] The official address is as follows: https://icis.corp.delaware.gov/ecorp/entitysearch.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing Plaintiff's Objection by delivering it to the Clerk's Office in the Brooklyn Courthouse on November 17, 2021. Concurrently with that filing, I also provided a courtesy copy to chambers of Hon. Judge Kuntz, and electronically to counsel for Synchrony Financial. Counsel will receive a notice of electronic filing (NEF) from the Court's CM/ECF e-filing system when the Clerk dockets this Objection.

/s/ Jakub Madej