**REED SMITH LLP**

Amy Secter, Esq.
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Phone: +1 804 344 3400
Fax: +1 804 344 3410

*Attorneys for Defendant Synchrony Bank
(Improperly named as Synchrony Financial)*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jakub Madej,<br><br>               Plaintiff,<br><br>v.<br><br>Synchrony Financial.<br><br>               Defendant. | Civil Action No. 1:21-cv-01894 (WFK) (SJB) |

---

**SYNCHRONY BANK'S RESPONSE TO PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Defendant Synchrony Bank (improperly named as "Synchrony Financial," hereinafter "Synchrony") submits this response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation ("Recommendation" or "R&R").

In his Recommendation, Judge Bulsara correctly found that Synchrony's Answer should not be stricken because Synchrony had not been defaulted at the time of its filing. Further, Judge Bulsara corrected determined that Synchrony could not have been defaulted at that time because Plaintiff failed to properly serve Synchrony in accordance with the applicable rules of civil procedure. Plaintiff has offered no facts or argument justifying a rejection of Judge Bulsara's well-reasoned and thorough Recommendation. As such, for the previously argued reasons and for the reasons set forth below, Judge Bulsara's Recommendation should be adopted by the Court over Plaintiff's Objection. Synchrony respectfully requests that the Recommendation be adopted and Plaintiff's Motion to Strike be denied.

## I. PROCEDURAL HISTORY

On July 20, 2021, Plaintiff filed a Motion to Strike Synchrony's Answer and Affirmative Defenses, claiming that Synchrony should be defaulted for not answering.[1] ECF 27. On August 6, 2021, Synchrony filed an opposition, arguing that its Answer and Affirmative Defenses should not be stricken as Synchrony has not been defaulted. ECF 30. On November 3, 2021, Magistrate Judge Sanket J. Bulsara entered a Report and Recommendation, recommending that Plaintiff's Motion to Strike be denied. ECF 33. Plaintiff filed the instant objection on November 17, 2021. ECF 34.

---

[1] In fact, Synchrony was not properly served so there was no duty to file an Answer. R&R, p. 3.

## II. ARGUMENT

### A. Default is Not Required/Mandatory and Synchrony Should Not be Defaulted as Synchrony Was Not Served

In his Recommendation, Judge Bulsara found that a default had not been entered against Synchrony. R&R, pp. 1-2. Judge Bulsara acknowledged that the Court need not assume service was proper if the affidavits are inconsistent or unreliable. *Id.*, p. 2. He noted that the affidavit of service was defective, highlighting that the addresses contained on the affidavit of service was different than the addresses contained on the Complaint. *Id.* He highlighted Synchrony's denial regarding actual receipt of the service, which has never been rebutted by Plaintiff. R&R, p. 3.

In Plaintiff's Objection, Plaintiff argues that Judge Bulsara reached the wrong conclusion. Plaintiff bases his argument on the faulty premise that the clerk must enter a default upon his request. Plaintiff's Obj., ¶¶ 3-6, 10-11. Notably, Plaintiff fails to cite any case law to support his position. Indeed, he cannot as no case law exists suggesting that a default must be entered even where there is an indication that a default would be improper.[2]

Additionally, Plaintiff argues that Judge Bulsara's examination was in error because the record purportedly establishes that service was proper. Plaintiff's Obj., ¶ 19-28. Plaintiff is incorrect, as previously established by Synchrony's Objection to Plaintiff's Motion to Strike and Synchrony's Objection to Plaintiff's Motion for Default, to which Synchrony now refers and incorporates. ECF 19-22; 30. Corporation Trust Company expressly rejected Plaintiff's

---

[2] The majority of cases that Plaintiff cites only describe the effect of default and filings entered by defaulted parties. Plaintiff only cites one matter that appears to be on point to the current issue, but ultimately misses the mark. *See Centorr Assoc., Inc. v. Tokyo Tokushu Necco, Ltd.*, 1991 U.S. Dist. LEXIS 13897 (N.D. Ca. Sept. 12 1991). The cited case is inapplicable for two reasons; first, this case is an out-of-jurisdiction citation, not precedential or controlling for this Court or the present matter. Second, a default had already been entered in the cited matter. *Id.*, at 8. The court in the cited matter determined that a default was proper, a default had been entered, and was addressing post default filings by a defaulted party. *Id.*, at 8-9. Here, no default was entered because default would have been premature in light of the lack of proper service.

attempted service and notified him of the rejection by two letters informing him they were not the proper entity for service and, as such, the service was rejected and would not be forwarded to Synchrony. ECF 21, ¶ 6, Ex. A; ECF 22, ¶¶ 4-5, Ex. A-B. Plaintiff has acknowledged he received these letters; though he failed to disclose them to the Court or the Clerk when pursuing a default or arguing that service was proper, and continues to persist in seeking to default Synchrony. ECF 20, ¶ 7.

### B. The Conditions for a Late Answer Have Been Met

Judge Bulsara further determined that even if Synchrony's Answer was late, the conditions permitting a late answer were met. R&R, pp. 3-5. Specifically, Judge Bulsara correctly concluded that there was no reason not to permit Synchrony to answer and there was no reason to enter a default. *Id*. In coming to this conclusion Judge Bulsara assessed the following factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice Plaintiff; and (3) whether a meritorious defense was presented. *Id*. Judge Bulsara determined all three factors favored allowing Synchrony to Answer and/or not entering a default against Synchrony. *Id*. Plaintiff made no attempt in his instant objection to address or argue against the substantive findings of the Judge.

### III. CONCLUSION

For all of the reasons set forth herein, this Court should adopt Judge Bulsara's Report and Recommendation and deny Plaintiff's Motion to Strike.

Dated: November 30, 2021

**REED SMITH LLP**

By: */s/ Amy Secter*
Amy Secter, Esq.
Riverfront Plaza-West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
Phone: +1 804 344 3400
Fax: +1 804 344 3410

*Attorneys for Defendant Synchrony Bank*
*(Improperly named as Synchrony Financial)*

- 5 -

## CERTIFICATE OF SERVICE

I certify that on this 30th day of November, 2021, I caused the foregoing Synchrony's Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation to be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of this document.

By: */s/ Amy Secter*
Amy Secter, Esq.
*Attorneys for Defendant Synchrony Bank*
*(Improperly named as Synchrony Financial)*