RECEIVED IN PRO SE OFFICE
DEC 0 3 2021

RP 12/7 /s/


FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
DEC 0 3 2021
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAKUB MADEJ, *Plaintiff,* v. SYNCHRONY FINANCIAL, *Defendant.* | Case No. 21-CV-1894 (WFK) (SJB) <br><br> **PLAINTIFF'S APPLICATION FOR MANDAMUS** <br><br> Sent to Court: November 29, 2021. |

**To Hon. William F. Kuntz II, United States District Judge.**

*Your Honor,*

1. Plaintiff Jakub Madej respectfully brings this application in the nature of mandamus to compel the Clerk of Court to perform a duty owed to him, to wit, to enter judgment for plaintiff in this case under Federal Rule of Civil Procedure 55(b)(1), as requested by motion dated May 24, 2021 and filed at docket entry 11, with supporting documentation available at docket entries 10 and 12.

2. This case commenced on April 6, 2021. The defendant was served on April 27 and had until May 18 to appear. It did not. On May 24, Plaintiff requested that the Clerk enter judgment under Rule 55(b)(1) and supplied evidence showing that the Defendant failed to appear and defend. Under the Rule and in these circumstances, the clerk must enter judgment. But the Clerk failed to do so until today, six months later. Despite having been provided with a draft order, the Clerk neglected to sign it and seal it. The judgment remains unrecorded in the judgment book, preventing plaintiff from executing it, and the case from moving forward.

3. This application follows an objection to Judge Bulsara's report (docketed at 34) recommending that plaintiff's motion to strike defendant's answer from the record be denied, on the grounds that the Clerk never entered default.

4. This application urges the Court to grant relief under the federal mandamus statute, 28 U.S.C. § 1361. But the Court can also treat the application as

an informal request, not premised on any specific rule, because plaintiff is already entitled to judgment by simple operation of Rule 55(b)(1). The only remaining step is to enter judgment on the record, for which no specific rule or procedure is necessary.

5. This application explains (a) the grounds on which plaintiff is entitled to judgment; and (b) two procedural mechanisms by which the Court may enter judgment.

*Summary of this case*

6. This is a consumer case under the Telephone Consumer Protection Act. Facts of this case are stated in the 29-paragraph complaint filed at docket entry 1.

*Plaintiff's entitlement to judgment*

7. The relevant procedural rule engaged here is Federal Rule of Civil Procedure 55, which governs default judgments.[1] The corresponding local rule is Local Civil Rule 55.

8. By plain language of Rule 55(b)(1)[2], the clerk "must enter judgment" if the following conditions are met:

---

[1] Default, a word used here in several distinct meanings, generally means an omission or failure to perform a legal duty. Black's Law Dictionary, 11th ed., "default (n.)". Here, the relevant duty was the defendant's duty to appear before the Court within 21 days after being summoned. The summons specifically reads: "Within 21 days after service of this summons on you … you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. […] If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." AO Form 440 (Rev. 06/12), page 1.

[2] Rule 55(b)(1) reads, in full, as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not

Plain
35726
129-4

i. plaintiff makes a request for judgment;
ii. plaintiff's claim is for a sum certain or a sum that can be made certain by computation;
iii. plaintiff supplies an affidavit showing the amount due;
iv. the defendant has been defaulted for not appearing; and
v. the defendant is neither a minor nor an incompetent person.

9. All five conditions were met here, specifically (and in the same order as above):

i. plaintiff submitted on May 24 a written request asking that judgment be entered[3];
ii. plaintiff's complaint specified the sum sought, namely $1,144,000, and provided a statutory basis for that request;
iii. plaintiff supplied an affidavit showing the amount due[4], the total being the sum above plus costs (the filing fee and the costs of service of process);
iv. the defendant failed to appear within 21 days after it was served with summons, that is by May 18, thus defaulting itself for not appearing;
v. the defendant is a Delaware corporation, and therefore neither a minor nor an incompetent person.

10. It follows that plaintiff has been entitled to judgment since May 24.
11. I will now address two procedural ways how the Court may enter judgment.

*First basis for relief: 28 U.S.C. § 1361*

---

appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

[3] That request is available at docket entry 11 and states, in relevant part:

> Please enter default judgment against defendant Synchrony Financial in the amount of $1,144,417 under Federal Rule of Civil Procedure 55(b)(1).
>
> Docket entry 11, page 1; filed 05/24/2021.

[4] This affidavit is available at docket entry 10-1, pages 1-2.

— 3 —

Plain
35726
129-5

*Legal principles*

12. The Court has jurisdiction to compel an officer or employee of the United States to perform a duty owed to the plaintiff under 28 U.S.C. § 1361.[5] Section 1361 calls such action "in the nature of mandamus". Generally, mandamus is a writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usually to correct a prior action or failure.[6]

13. The Second Circuit established three factors in examining whether a writ of mandamus is warranted, namely (1) there is a clear right to the relief sought; (2) the [Clerk] has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available.[7]

*Discussion and argument*

14. It is beyond dispute that the Clerk of this Court – a court of the United States – is an employee of the United States. Therefore, § 1361 is properly engaged here.

15. The three *Benzman* factors are satisfied here:

---

[5] 28 U.S.C. § 1361 provides, in full, as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

[6] Black's Law Dictionary, 9th ed., p. 1046, "mandamus (n.)".

[7] *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008). Notably, courts recognized two different types of mandamus: one under the federal mandamus statute, § 1361, which extends to any "officer or employee of the United States"; and another under the All Writs Act, § 1651, which gives federal courts the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law". The latter has sometimes been employed in lieu of an interlocutory appeal. See *In re City of New York*, 607 F.3d 923, 927 (2d Cir. 2010) (granting mandamus overturning the Southern District's decision to compel production of certain sensitive NYPD reports prepared by undercover officers). The Supreme Court discussed both types of mandamuses in *Cheney v. U.S. Dist. Court for D.C*, 542 U.S. 367, 405 (2004).

Plain
35726
129-6

(1) For reasons explained in para 9, plaintiff is clearly entitled to judgment.

(2) The clerk must enter judgment under Rule 55(b)(1) when certain conditions have been met and proper documentation supplied. The mandatory nature of Rule 55(b)(1) is plain from its language, which uses the imperative *must* in imposing a duty ("the clerk ... *must* enter judgment") (emphasis added), and from the context, where two distinct procedures for obtaining judgment appear ('by the clerk' and 'by the court').

The Second Circuit has similarly construed the language of Rule 55(b)(1) in *Greathouse*, noting that "the entry of default judgment for the damages requested is mandatory and there is no room for discretion to deny an award of damages." [8]

(3) There is no other legally cognizable remedy available for plaintiff who is entitled to judgment under Rule 55(b)(1) and makes a proper request in the due form but his request is not acted upon. Practically, a possible remedy would be to call the Clerk's office and orally request an action, perhaps multiple times. But that "remedy" would be discourteous, would unnecessarily disrupt the work undertaken at the Clerk's Office, and is certainly not cognizable in law. And in any case, it has proven ineffective: a deputy clerk indicated over telephone that he believes the request has been properly passed on to the Court, and no further action is needed.

16. It is apparent from the record that Clerk has not entered judgment on the docket.

17. Accordingly, the mandamus is proper: the Court has power to compel the Clerk to enter judgment that plaintiff is seeking, and should use it to bring this case to a conclusion.

*Second basis for relief: informal request*

---

[8] *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) (noting that there is no discretion to deny judgment even if the complaint does not state a claim for relief).

Plain
3S726
129-7

18. This request may be treated less formally as a respectful request asking the Court to perform the ministerial step of entering judgment on the docket after the Clerk failed to do so. That act is "ministerial" because it involves "obedience to instructions or laws", specifically to Rule 55(b)(1), rather than an exercise of "discretion, judgment, or skill".[9]

19. It may appear to be a technical stretch to bring a mandamus application asking the Court to compel the Clerk – a person whose duties are supervised by the Court and who work in the same building – to sign a judgment to which plaintiff is entitled, in the form that has been drafted and filed on the docket.

20. In other words, plaintiff is already entitled to relief he seeks, and no formal application is needed under the rules of procedure for the Court to grant relief. The Court need not make any formal findings or employ any special procedure. For the Court's convenience, a short form of proposed order is attached to this application.

*Unduly technical over-litigation v. observance of procedural rules*

21. I recognize that from time to time the Court – in addition to its heavy docket of more consequential cases – is faced with unnecessary procedural grappling that ostensibly lack a rational objective, perhaps but to prove that the moving party (or his counsel) is right and can prevail on whatever argument they choose.[10]

22. This case, however, is not one of procedural irregularity, although admittedly it took more time and work than it was necessary. It is regrettable

---

[9] Black's Law Dictionary, 9th ed., p. 1086, "ministerial (adj.)". For Second Circuit interpretation of the word, see *In re Penn Traffic Co.*, 466 F.3d 75, 79 (2d Cir. 2006) ("not requiring the exercise of judgment or discretion"); *Environmental Defense Fund, v. Thomas*, 870 F.2d 892, 899 (2d Cir. 1989) (contrasting "ministerial acts" with "judgmental decisions").

[10] See, for example, *Bank v. Cogint, Inc. et al*, 1:18-cv-03307 (WFK) (PK) (counsel filed eight identical motions to strike before accepting the Court's decision to deny the first one).

Plain
35726
129-8

that such a simple issue could not have been resolved without the Court's intervention.

*Defendants engaging with the proceedings after plaintiff became entitled to judgment*

23. It cannot remain unnoticed that Defendants attempted to engage with the proceedings *after* the clerk's duty arose. Two weeks after plaintiff's request for judgment, counsel purported to make an appearance and file an answer; that "answer" has been docketed at entry number 13.

24. But this "appearance" is of no moment for purposes of this request. Rule 55(b)(1) contains no exceptions disentitling plaintiff from judgment if the defendant changes its mind and appears after all, whether an hour, a day, or a week later. In other words, a belated appearance doesn't extinguish plaintiff's right to judgment, nor does it extinguish the clerk's duty to enter such judgment. But if the Defendants have a meritorious defense to their non-appearance, they can file an appropriate post-judgment motion.

25. The issue of impending judgment against Defendant is at the center of this dispute. Parties engaged in mediation, hoping to reach an agreement. These efforts were, unfortunately, unsuccessful. The Court's decision would be greatly appreciated.

*Conclusion*

26. The Clerk has fallen in its duty to enter judgment for the plaintiff, and the Court is respectfully requested to compel the Clerk to meet that duty.

27. If the Court would like to hear me directly on this application or any other points raised in this case, I remain available at the time suitable for the Court, whether in person in the courthouse or remotely.

Respectfully submitted,

Dated: November 29, 2021.   By: /s/ Jakub Madej
                                Jakub J. Madej (in person)
                                THE TEMPORARY OFFICES OF JAKUB MADEJ

Plain 35726 129-9

415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAKUB MADEJ,<br><br>            *Plaintiff,*<br><br>    *v.*<br><br>SYNCHRONY FINANCIAL,<br><br>           *Defendant.* | Case No. 21-CV-1894 (WFK) (SJB)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR MANDAMUS** |

**UPON** considering plaintiff's application for mandamus,

**AND UPON** considering the entire record in this case,

**IT IS ORDERED THAT:**

1. Plaintiff's application is granted;
2. The Clerk is directed to enter judgment in the amount of $1,144,417 for plaintiff and against the defendant under Federal Rule of Civil Procedure 55(b)(1)[1];
3. The case is closed.

Dated: _____, 2021.    _____
                                                                           UNITED STATES DISTRICT JUDGE

---

[1] A proposed form of judgment has been filed on the docket in this case at entry number 11-1.

Plain
35726
129-1

JAKUB MADEJ
415 BOSTON POST RD STE 3-1102
MILFORD CT  06460

 PRO SE OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLZ E
BROOKLYN NY  11201-1832