**ReedSmith**
Driving progress through partnership

**Amy Secter**
Direct Phone: +1 804 344 3487
Email: asecter@reedsmith.com

Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1900
Richmond, VA 23219-4068
+1 804 344 3400
Fax +1 804 344 3410
reedsmith.com

January 18, 2022

**Via ECF**

The Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 304N, Courtroom 324N
Brooklyn, New York 11201

> **Re:** **Jakub Madej v. Synchrony Financial.**
> **Case No.:  1:21-cv-01894-WFK-SJB**
> **Letter Motion requesting Protective Order with respect to Plaintiff's unilaterally noticed Deposition Notice setting the Deposition of Synchrony's 30(b)(6) representative for January 21, 2022**

To The Honorable Judge Sanket J. Bulsara:

Reed Smith LLP represents Defendant Synchrony Bank, improperly named as Synchrony Financial ("Synchrony"), in the above-referenced matter.  Please allow this Letter Motion, filed in accordance with Local Rules 5.2(b) and 7.1(d), and Judge Bulsara's Individual Practices, III(B), to serve as Synchrony's Motion for Protective Order with respect to Plaintiff's unilaterally noticed Deposition Notice setting the Deposition of Synchrony's 30(b)(6) representative for January 21, 2022.  As set forth more fully below, the undersigned certifies that Counsel for Synchrony has attempted to confer in good faith in an effort to resolve this matter without court action as required by Judge Bulsara's Individual Practices, III(B), Local Civil Rule 26.4, and Federal Rule 37(a)(1).

On January 3, 2022, Plaintiff delivered via email to the undersigned a proposed Deposition Notice and expressed his desire to meet and confer regarding same.  The draft notice proposed January 21, 2021 for the Deposition of Synchrony's 30(b)(6) representative.  This date was proposed unilaterally without consulting counsel for Synchrony.  Counsel for Synchrony immediately informed Plaintiff that the proposed date did not work for Synchrony, but agreed to meet and confer on the topics and seek alternative dates for the Deposition.  Plaintiff agreed to meet and confer about dates, asking for proposed dates.

Counsel for Synchrony and Plaintiff met and conferred on January 11, 2022.  At such meet and confer, Counsel for Synchrony proposed some limitations to Plaintiff's topics and compromises as to other topics.  Plaintiff declined Synchrony's proposals.  Thereafter, Counsel for Synchrony provided Plaintiff with proposed dates for the Deposition of February 17, 2022, February 23, 2022, March 9, 2022 or March 10, 2022.  In communications with Plaintiff, Counsel also referenced the meet and confer

The Honorable Sanket J. Bulsara
January 18, 2022
Page 2

requirements of Federal Rule of Civil Procedure 30 related to 30(b)(6) depositions. Further, Counsel for Synchrony specifically referred Plaintiff to the committee notes advising that, among other things, the parties should "discuss 'process' issues, such as the timing and location of the deposition."

On January 17, 2022, after previously asking for and receiving alternate dates, Plaintiff refused such dates and informed Synchrony of his intention to proceed with the Deposition on January 21, 2022. Counsel for Synchrony again communicated with Plaintiff reminding him that he had already agreed not to go forward with the unilaterally proposed date by requesting alternate dates. Via email, Counsel again asked Plaintiff to cooperate in the scheduling of the Deposition. After receiving no response, Counsel specifically asked Plaintiff to meet and confer via telephone in an attempt to avoid filing the instant Letter Motion. Plaintiff was again non-responsive.[1]

As such, Synchrony is forced to file the instant Letter Motion for Protective Order. This is the second Motion submitted by Synchrony related to Plaintiff's refusal to cooperate. Synchrony filed a previous Motion for the entry of the Court's form Protective Order after Plaintiff refused to consent. [ECF No. 37]. Plaintiff once again refuses to cooperate with respect to discovery.

Local Civil Rule 26.4(a) requires that "[c]ounsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Though Plaintiff is pro se, Synchrony respectfully requests that the Court direct Plaintiff to meet the same standard and cooperate in the scheduling of the 30(b)(6) deposition in this matter.

Synchrony's submission of this Letter Motion is timely. Plaintiff's intention to proceed with the unilaterally proposed date only became evident on January 17, 2022, because Plaintiff had previously requested and received alternate dates for the Deposition and seemed willing to cooperate in scheduling the deposition. As Synchrony has informed Plaintiff repeatedly, the Corporate Representative of Synchrony is not available on January 21, 2022. Plaintiff will not suffer any prejudice by the Court in the entry of a Protective Order.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Amy Secter

cc:     Jakub J. Madej, *pro se* (via Certified Mail and ECF)

---

[1] Synchrony stands ready to provide email correspondence should the Plaintiff object to Synchrony's characterization of the facts set forth here.