UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAKUB MADEJ,

Plaintiff,

v.

SYNCHRONY FINANCIAL,

Defendant.

**MEMORANDUM AND ORDER**
21-CV-1894 (HG) (SJB)

**HECTOR GONZALEZ**, United States District Judge:

The Report and Recommendation of Magistrate Judge Sanket J. Bulsara dated November 3, 2021, ECF No. 33, has been reviewed by the Court and, for the reasons set forth below, is hereby adopted in its entirety. Accordingly, Plaintiff's motion to strike, ECF No. 27, is DENIED.

## I. BACKGROUND

Plaintiff Jakub Madej ("Plaintiff") brought this suit, *pro se*, against Synchrony Bank[1] ("Defendant") on April 6, 2021, alleging violations of the Telephone Consumer Protection Act ("TCPA"). Complaint, ECF No. 1. On May 24, 2021, Plaintiff filed three documents on the docket. First, Plaintiff filed an Affidavit of Service stating that he had served a copy of the summons and complaint on Defendant's registered agent on April 27, 2021. ECF No. 12 at 1. Second, he requested a certificate of default from the Clerk of Court, pursuant to Fed. R. Civ. P. 55(a), which the Clerk of Court did not enter. Request for Certificate of Default, ECF No. 10. Third, Plaintiff filed a motion for default judgement against Defendant for failing to appear. Motion for Default Judgement, ECF No. 11.

---

[1] Defendant was apparently improperly named in the initial complaint. *See* Answer, ECF No. 27 at 1.

On June 3, 2021, Defendant filed its Answer, and on July 9, 2021, filed its opposition to the default judgement motion. Defendant's Opposition to Plaintiff's Motion for Default Judgement, ECF No. 19. The essence of Defendant's opposition to the entry of default judgement was that it had never been served. *Id*. at 1 ("Plaintiff never served his complaint on the named defendant […] or any other entity."). In support of its opposition, Defendant filed three declarations. ECF Nos. 20–22.

On July 19, 2021, Plaintiff moved to strike Defendant's Answer. Plaintiff's Motion to Strike Defendant's Answer, ECF. No. 27, (hereinafter "Motion"). Plaintiff argues that Defendant should not be allowed to file an Answer after Plaintiff "asked the clerk to enter default judgement against Synchrony for […] non-appearance." *Id.* at 1. On September 24, 2021, the Court referred Plaintiff's Motion to the Magistrate Judge for a Report and Recommendation ("R&R"). ECF No. 32. On November 3, 2021, the Magistrate Judge issued a R&R recommending that Plaintiff's Motion be denied. R&R, ECF. No. 33. Plaintiff filed an objection to the R&R on November 17, 2021. Objection to R&R, ECF No. 34.

II.     **STANDARD OF REVIEW**

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); *see also Brown v. Ebert*, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific

2

reasoned objection are reviewed for clear error. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## III. DISCUSSION

This Court has undertaken a de novo review of the record, the R&R, and Plaintiff's objections. The Magistrate Judge's reasoned and well-supported R&R recommended that Plaintiff's Motion be denied. Specifically, the Magistrate Judge found no basis for Plaintiff to strike Defendant's Answer, as "Defendant appears not to have been properly served" and thus "there was no reason to enter a default." R&R at 1, 2. Plaintiff objects to the R&R in its entirety. ECF No. 34 at 1–2.

Plaintiff's main objection rests on his conclusion that he already had been granted, or should have been granted, default judgement. His reasoning is circular. The question before the Court is not—"What is Defendant allowed to raise after it is in default?"—the question is—"Should Defendant be in default in the first place?" As the Magistrate Judge correctly identifies, the defendant never was, nor should have been, in default. ECF No. 33 at 1.

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgement. Fed. R. Civ. P. 55. The relevant portion reads: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55.(a). For Defendant to have failed to plead or otherwise defend, Defendant would have had to file its answer late, that is, more than 21 days after it was served. *See* Fed. R. Civ. P. 12(a)(1)(A).

Here, the only evidence that Plaintiff properly served defendant under Rule 4(h) is Plaintiff's Affidavit of Service. ECF No. 12. As the Magistrate Judge noted, this affidavit is

3

"the only evidence of service on Synchrony [and] contains several discrepancies that render it unreliable," including different addresses on the complaint and summons. ECF No. 33 at 2. Additionally, the service appears to have been made to a corporation which is not a registered agent for Defendant. *Id*. at 3. Thus, the Court agrees with the conclusion in the R&R that "there was no evidence that Defendant was properly served" under Rule 4(h). *Id.* If Defendant was not served, its Answer was not late, and there would be no basis to enter a default.

Plaintiff asserts that "even if service was deficient" the Clerk should have "fulfilled its duty to enter default and default judgement." ECF No. 34 at 4. He suggests that the Clerk was negligent in failing to enter a default. *Id*. at 2. Again, this reasoning is circular. If service was deficient, as it appears to have been here, then Defendant's answer would not be late under Rule 12, which means there was no duty to enter default judgement under Rule 55. Fed. R. Civ. P. 12(a)(1)(A), 55.

Finally, Plaintiff asserts that he is "entitled to default judgement because he made a proper request under Rules 55(a) and 55(b)(1)." *Id*. Plaintiff seems to confuse process with substance. Simply requesting a default judgement is not enough. Rule 55's conditions must also be met for a default judgement to be properly entered—specifically, that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, because Defendant was never properly served, it did not fail to plead in time, and a default judgement was, therefore, not proper.

4

## **CONCLUSION**

For the reasons set forth in this order, the R&R is hereby adopted in its entirety.

Accordingly, Plaintiff's motion to strike, ECF No. 27, is DENIED.

SO ORDERED:

*/s/ Hector Gonzalez*

HECTOR GONZALEZ
United States District Judge

Dated: June 8, 2022
      Brooklyn, New York

5